# Waina *v.* Pennsylvania Company, Appellant.

*Negligence—Railroads—Master and servant—Comparative negligence—Contributory negligence—Federal Employers' Liability Act of April 22, 1908, Ch. 149, 35 U. S. Stat. 65—Court and jury.*

1. In an action under the Federal Employers' Liability Act of April 22, 1908, Ch. 149, 35 U. S. Stat. 65, which provides that (Section 3): "In all actions hereafter brought against any such common carrier by railroad under or by virtue of any of the provisions of this act to recover damages for personal injuries to any employee, or where such injuries have resulted in his death, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damage shall be diminished by the jury in 'proportion to the amount of negligence attributable to such employee," the jury should first determine whether or not

the defendant is guilty of causal negligence; if that issue is determined in favor of plaintiff, they should then consider whether plaintiff was guilty of contributory negligence and if they decide that issue against plaintiff, then, looking at the combined negligence of the plaintiff and defendant as a whole the next subject to consider is in what ratio should the combined negligence be distributed between the parties to the accident; they should then determine the amount of damages suffered through the combined negligence and deduct therefrom a portion corresponding to the measure of negligence charged by them to the plaintiff, the balance to be awarded as damages to the plaintiff.

2. While charging the jury in cases of this kind the trial judge should avoid stating any definite amounts or proportions by way of illustration or otherwise; so as to avoid all possibility of the triers conceiving that the amounts or proportions named reflect the judge's attitude toward the case.

3. The mention of certain proportions by the judge in his charge by way of illustration is not reversible error where no complaint was made thereof at the trial and the court was careful to follow such illustration with a statement that if negligence of the employee was greater than the proportion alluded to by him then the damage should be reduced accordingly.

4. In an action under the Federal Employers' Liability Act against a railroad company to recover damages for personal injuries, the case is for the jury and a verdict and judgment for plaintiff will be sustained where it appears that at the time of the accident plaintiff was employed as a laborer in a certain railway yard of the defendant, repairing a track which was constantly used as an instrumentality of interstate commerce; that the gang boss under whom he was working directed him to cross several adjacent tracks for tools, urging him to hurry; that plaintiff placed the tools on his shoulder and started rapidly back toward the place where the repair work was going on and was struck and severely injured by a slowly moving locomotive; that no warning was given by bell or otherwise of the approach of the locomotive and that plaintiff's only excuse for not observing the danger that confronted him was that the tools which he was carrying obstructed his view.

5. The Federal statute confers new and enlarged powers upon juries and this brings added responsibility to judges presiding in such trials. Whenever a court is convinced of an abuse of power on the part of the jury in dividing the blame, where both sides have been guilty of negligence contributing to the accident, it should not hesitate to order a remittitur or grant a new trial. Per MOSCHZISKER, J.

Hench v. Pennsylvania Railroad Co., 246 Pa. 1, distinguished.

Argued October 8, 1915.   Appeal, No. 235, October Term, 1915, by defendant, from judgment of C. P. Beaver Co., Dec. T., 1912, No. 214, on verdict for plaintiff in case of Alex. Waina v. Pennsylvania Company.   Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ.   Affirmed.

Trespass for personal injuries, brought under Federal Employers' Liability Act of April 22, 1908, Ch. 149, 35 U. S. Stat. 65.   Before BOUTEN, P. J., specially presiding.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $4,200, on which, after the filing of a remittitur, judgment was entered for $3,000. Defendant appealed.

*Error assigned,* among others, was in refusing defendant's motion for judgment non obstante veredicto.

*William A. McConnel,* for appellant, cited: Hench v. Pennsylvania Railroad Co., 246 Pa. 1; Van Zandt v. Philadelphia, Balto. & Wash. R. R. Co., 248 Pa. 276; Darbrinsky v. Pennsylvania Co., 247 Pa. 177.

*Forest G. Moorhead,* of *Moorhead & Marshall,* with him *John G. Marshall,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, October 28, 1915:

The plaintiff sued to recover for personal injuries; he secured a verdict, upon which judgment was entered, and the defendant has appealed.

This action was instituted under the Federal Employers' Liability Act of April 22, 1908, Ch. 149, 35 U. S. Stat. 65.   On October 29, 1910, the plaintiff, then about 39 years of age, was employed as a laborer in a certain railway yard of the defendant company, repairing a track which was constantly used as an instru-

mentality of interstate commerce. The gang boss under whom he was working directed him to cross several adjacent tracks for some tools, urging him to hurry. The plaintiff placed the tools on his right shoulder and started rapidly back toward the place where the repair work was going on; when he stepped on the first track a slowly moving locomotive struck and severely injured him. No warning was given by bell or otherwise of the approach of this locomotive. The only excuse offered by the plaintiff for not observing the danger which confronted him was that the tools he was carrying obstructed his view. A verdict was rendered in the sum of $4,200.00 which was subsequently reduced by the trial court to $3,000.00. The plaintiff filed a remittitur for all above the latter sum, and judgment was entered accordingly. The defendant contends that the plaintiff's contributory negligence was the proximate cause of the accident, and hence, that it is entitled to judgment non obstante veredicto; it also complains of some instructions to the jury and certain rulings on the evidence.

In Van Zandt v. Philadelphia, Balto. & Wash. R. R. Co., 248 Pa. 276, we recently discussed the "relative rights and duties of a railroad company and those engaged directly or indirectly by it to perform a service on or along its tracks." The present case, however, is not controlled by the law of Pennsylvania, but by federal statute: see Pederson v. Delaware, Lackawanna & Western R. R. Co., 229 U. S. 146, and Glunt v. Penna. R. R. Co., 249 Pa. 522.

The trial judge charged the jury in part as follows: "We say to you in the outset that the burden is upon the plaintiff to show that the defendant company was negligent and that that negligence caused the injury, before he is entitled to recover at all, and the burden is upon the plaintiff to show such negligence by the fair preponderance of the evidence; unless the plaintiff has shown you by the evidence, that the defendant company was guilty of negligence, there can be no recovery in this

case........ The first question for your determination
is this—was the defendant company negligent, from the
fact that this engine was moved through the yards with-
out any bell being rung or whistle blown or other warn-
ing of its approach? If you find that the defendant was
not negligent, then you will find for the defendant; but
if you find that the defendant was negligent, and that
that negligence caused this injury, or in part caused this
injury, if that, together with the plaintiff's negligence,
caused the injury, then the plaintiff would be entitled
to recover........ We have no hesitation in saying that
under the plaintiff's evidence in this case he, too, was
guilty of negligence. It (the fact of the plaintiff's con-
tributory negligence) is important in this case, or, it
may be important, if you find that the defendant was
guilty of negligence. The statute under which this ac-
tion is brought provides that the fact that the employee
may have been guilty of contributory negligence shall
not bar a recovery, but the damages shall be diminished
by the jury, in proportion to the amount of negligence
attributable to such employee. That means not that, if
the negligence of the employee and the negligence of the
defendant are equal, there shall be no recovery, but it
means that, where the negligence which caused the injury
is partly attributable to the plaintiff and partly to the
carrier, the plaintiff shall not recover full damages, but
only a proportional amount, bearing the same relation
to the full amount as the negligence attributable to the
carrier bears to the entire negligence attributable to
both. It seems to us that a fair illustration of this rule
would be that, if they were both equally negligent, then
the jury would find not full damages, but one-half dam-
ages........ If the negligence of the employee were
more than half, or greater, then the damages would have
to be reduced in proportion to the amount of such negli-
gence on the part of the employee........ If you find
the defendant guilty of negligence, and also find......
the plaintiff guilty of negligence, then you will ascertain

if the negligence of both......caused the injury complained of, and if so, what proportion of the damages sustained by this plaintiff is attributable to the negligence of the defendant company."

Since the subject of comparative negligence is, to a degree, novel in this State, it seems essential that we should consider it with some thoroughness. In certain jurisdictions, "a plaintiff may recover if his negligence is slight and that of defendant is gross in comparison therewith; but if plaintiff be guilty of negligence contributing to the injury he cannot recover unless defendant's negligence is gross in comparison with his own." In other jurisdictions, "there is a statutory modification of this rule which authorizes the negligence of the parties to be compared, not for the purpose of wholly relieving either party or both of negligence, but with the effect of reducing the amount of plaintiff's damages according to the extent to which his own negligence has contributed to the injury" (33 Cyc. 1231-2; 29 Cyc. 559). The latter is the rule established by section 3, Act of April 22, 1908, Ch. 149, 35 U. S. Stat. 65, which provides "That in all actions hereafter brought against any such common carrier by railroad under or by virtue of any of the provisions of this act to recover damages for personal injuries to an employee, or where such injuries have resulted in his death, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee." This provision has been under consideration by the United States Supreme Court in several recent cases. In Norfolk & Western Ry. Co. v. Earnest, 229 U. S. 114, 122, it is said: "The statutory direction that the diminution (in damages) shall be 'in proportion to the amount of negligence attributable to such employee' means......that, where the causal negligence is partly attributable to him (the plaintiff) and partly to the carrier, he shall not recover full damages,

but only a proportional amount bearing the same relation to the full amount as the negligence attributable to the carrier bears to the entire negligence attributable to both; the purpose being to abrogate the common law rule completely exonerating the carrier from liability in such a case and to substitute a new rule confining the exoneration to a proportional part of the damages corresponding to the amount of negligence attributable to the employee: Second Employers' Liability Cases, 223 U. S. 1, 50." In Grand Trunk Western Ry. Co. v. Lindsay, 233 U. S. 42, 47, the court below charged: "If, under the Employers' Liability Act, plaintiff's negligence contributing with defendant's negligence to the production of the injury does not defeat the cause of action, but only lessens the damages, and if the cause of action is established by showing that the injury resulted 'in whole or in part' from defendant's negligence, the statute would be nullified by calling plaintiff's act the proximate cause, and then defeating him, when he could not be defeated by calling his act contributory negligence; for his act was the same act, by whatever name it is called. It is only when plaintiff's act is the sole cause ......when defendant's act is no part of the causation ......that defendant is free from liability under the act." On appeal these instructions were approved, the Supreme Court saying (p. 49) : "By the third section of the Employers' Liability Act a recovery is not prevented in a case of contributory negligence, since the statute substitutes for it a system of comparative negligence whereby the damages are to be diminished in the proportion which his (plaintiff's) negligence bears to the combined negligence of himself and the carrier, in other words, the carrier is to be exonerated from a proportional part of the damages corresponding to the amount of negligence attributable to the employee." Again, in Seaboard Air Line v. Tilghman, 237 U. S. 499, 501, referring to this statutory provision regarding comparative negligence, the Supreme Court said: "It means,

and can only mean, as this court has held, that, where the causal negligence is attributable partly to the carrier and partly to the injured employee, he shall not recover full damages, but only a diminished sum bearing the same relation to the full damages that the negligence attributable to the carrier bears to the negligence attributable to both; the purpose being to exclude from the recovery a proportional part of the damages corresponding to the employee's contribution to the total negligence....... At the trial the court instructed the jury that, if they found the plaintiff was injured during the concurring negligence of the railway company and himself, they should determine the full amount of damages sustained by him, 'and then deduct from that whatever amount you think would be proper for the contributory negligence.' This was reiterated in different ways and somewhat elaborated, but the fair meaning of all that was said was that a reasonable allowance or deduction should be made for the plaintiff's negligence and that it rested with the jury to determine what was reasonable. No reference was made to the rule of proportion specified in the statute or to the occasion for contrasting the negligence of the employee with the total causal negligence as a means of ascertaining what proportion of the full damages should be excluded from the recovery. On the contrary, the matter of diminishing the damages was committed to the jury without naming any standard to which their action should conform other than their own conception of what was reasonable. In this there was a failure to give proper effect to the part of the statute before quoted; it prescribes a rule for determining the amount of the deduction required to be made, and the jury should have been advised of that rule and its controlling force." At the present time, the foregoing seem to be the leading reported cases upon the subject in hand; it may be seen therefrom that the trial judge was obliged to submit to the jury the issues

involved at bar, and that his instructions in so doing were substantially correct.

In cases of this character, where the evidence justifies a finding that both defendant and plaintiff were guilty of negligence contributing to the accident, the jury should be carefully instructed concerning the rule of comparative negligence established by the Federal Statute. It is the duty of the jury first to determine whether or not the defendant was guilty of causal negligence, for if that issue is determined against the plaintiff there can be no recovery. If the issue of the defendant's negligence is determined in favor of the plaintiff, then the jury should consider whether or not he, too, was guilty of negligence directly contributing to the happening of the accident, and, if they decide that issue against the plaintiff, then, looking at the combined negligence of the plaintiff and defendant as a whole, and using their best judgment based on the evidence before them, the next material subject for the jury to consider is in what ratio should this combined negligence be distributed between the parties to the accident; in other words, how much, or what proportion, of the whole blame, or fault, should be attributed to each. After this problem is solved, the jury must determine the amount of the damages suffered through the combined negligence and deduct therefrom a proportion corresponding with the share of negligence charged by them against the plaintiff, the balance, or a proportion corresponding with the share of negligence charged against the defendant, to be awarded as damages to the plaintiff. We do not mean to say that the method just outlined is the only way in which a jury may proceed to reach its conclusions in the trial of causes involving comparative negligence, but rather simply to indicate an orderly manner for considering and determining such cases.

While charging the jury in cases of this kind, it is well for the trial judge not to state any definite amounts or proportions, by way of illustration or otherwise; so as

to avoid the possibility of the triers conceiving that the amounts or proportions named reflect the judge's attitude toward the case.    In the present instance, however, the mention of certain proportions by way of illustration was not complained of in the court below, nor assigned for error here; and there is no reasonable probability that it did the defendant any material harm, for the trial judge was careful to follow his illustration with the statement that, if the negligence of the employee was greater than the proportion alluded to by him, then the damages should be reduced accordingly.

The United States statute under consideration confers new and enlarged powers upon juries in cases of the class now before us, and this brings added responsibility to judges presiding in such trials.    Whenever a court is convinced of an abuse of power on the part of the jury in dividing the blame where both sides have been guilty of negligence contributing to the accident, it should not hesitate to order a remittitur or grant a new trial; the former course was pursued in the present instance.

The trial judge submitted the issues to the jury in substantial accord with the method which we have indicated as proper, and we are not convinced of any error that calls for a reversal of the judgment.    The assignments which complain of the rulings on the evidence all go to immaterial matters that in no way could have substantially injured the defendant, and, therefore, they call for no particular discussion.    It remains but to say that the case of Hench v. Penna. R. R. Co., 246 Pa. 1, relied upon by the defendant, is not in point; there the injured employee was working on cars, which, so far as the evidence showed, were not and never had been used as instrumentalities of interstate commerce.

The assignments are all overruled and the judgment is affirmed.