## Goater, Appellant, *v.* Klotz.

*Negligence—Automobiles—Master and servant—Unauthorized use of automobile by servant—Evidence—Contradictory evidence—Nonsuit.*

1. In an action against the owner of an automobile to recover damages for personal injuries caused by the negligence of the driver, the burden is on plaintiff to show not only that defendant was the owner of the car, and the driver his servant, but that the latter was at the time engaged in his master's business.

2. If it appears from plaintiff's proofs that the driver was not authorized to use the car for his own business or pleasure, and that the accident happened when he was driving two of his friends, a nonsuit is properly entered.

3. Where the burden of proof is on plaintiff to establish certain facts before a recovery can be had, and his testimony, or that of

his witnesses, on the question is so contradictory as to present to the jury no basis for a finding, except a mere conjecture, a nonsuit is properly entered.

Argued January 17, 1924. Appeal, No. 236, Jan. T., 1924, by plaintiff, from order of C. P. No. 1, Phila. Co., March T., 1922, No. 8666, refusing to take off nonsuit, in case of Edwin Walter Goater v. Nathan Klotz. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEP-HART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before SHOEMAKER, P. J.

The opinion of the Supreme Court states the facts.

Nonsuit. Refusal to take off. Plaintiff appealed.

*Error assigned* was order, quoting record.

*Ralph B. Evans,* of *Evans, Bayard & Frick,* for appellant.—The evidence of agency should have been submitted to the jury: Parker v. Matheson Motor Car Co., 241 Pa. 461; Kohler v. Pa. R. R., 135 Pa. 346.

Under the evidence there was no deviation sufficient to justify the court in holding as matter of law that the course of employment was broken: Luckett v. Reighard, 248 Pa. 24; Blaker v. Phila. Elec. Co., 60 Pa. Superior Ct. 56.

*J. W. McWilliams,* of *Tustin & Wesley,* for appellee.—The evidence of agency was so utterly irreconcilable that a finding by the jury would have been but a mere guess: Moschzisker, Trial by Jury, section 322; Mulligan v. Lehigh Traction Co., 241 Pa. 139; Zenzil v. D., L. & W. Ry., 257 Pa. 473.

At the time of the accident, the driver had abandoned his employment and was engaged upon his own business solely: Patterson v. Kates, 152 Fed. 481; McCarthy v. Timmins, 178 Mass. 378; Sarver v. Mitchell, 35 Pa. Su-

perior Ct. 69; Scheel v. Shaw, 252 Pa. 451; Solomon v. Trust Co., 256 Pa. 55.

OPINION BY MR. JUSTICE SADLER, February 11, 1924:

The plaintiff, Goater, was struck by an automobile and seriously injured. As a result, this action was brought against the owner to recover for the damages sustained. It appeared that one John Rowan was regularly employed by others as a chauffeur in the early hours of the day, and also assisted Klotz, the defendant, in the running of his car in the afternoon, likewise instructing him in its manner of operation. Rowan's habit, during the three months of service, was to motor from the garage, where the car was stored, to defendant's office, and return with him to his residence. The accident occurred on July 15, 1920, and at that time it was known by Rowan that Klotz was in the City of New York, where the latter had gone to meet his mother, then on her way from Europe. Though the testimony is somewhat confused, it would appear that the chauffeur was not expected to call for the defendant on the day in question, unless requested by telephone to do so, and no such notice was given.

When Goater was hurt, Rowan, according to the testimony, was driving two colored friends, and used the car of his employer for this purpose. Though having the apparent right to remove the motor from the place where it was kept, there was no authorization on the part of the owner that it be used for the chauffeur's private purposes. Irrespective of the question, suggested by the court below in its opinion, that the automobile was not driven along its ordinary route, but was diverted from its usual and direct course for the purpose of reaching the east side of City Hall,—the point to which Rowan's friends were going,—it is clear that the operation of the car was not directed by the owner. When the servant used the same for the avowed purpose of transporting his companions, he acted beyond the scope of his au-

thority, and the master cannot, therefore, be held responsible for the negligent conduct which caused the injury complained of.

Though it had been the custom of Rowan to call at the office of Klotz on Seventh Street above Arch, the former knew his employer was not there on the fifteenth. In fact, he had called on the previous day to see whether the latter had returned, and was answered in the negative. He definitely testified that notice was to be given when again needed, and that his reason for taking the car out was to transfer his associates to their desired destination.

An examination of the evidence makes clear the fact that the employer cannot be held liable here for the wrongful act of the driver, and, under the testimony produced, the learned court below properly entered a compulsory nonsuit. The burden was upon the plaintiff to show not only that defendant was the owner of the car, and the driver his servant, but that the latter was at the time engaged in his master's business: Scheel v. Shaw, 252 Pa. 451; Solomon v. Com. Trust Co., 256 Pa. 55. Klotz was not proven to have permitted Rowan to use the vehicle for the business or pleasure of the latter, and the operation of it at the time was not within the scope of his employment. In the absence of some proof of all these facts, no recovery could be had against defendant.

It is contended, however, that the contradictions appearing in Rowan's testimony, the witness upon whom plaintiff relies, make necessary the submission of the truth of his story to the jury, and appellant depends upon Parker v. Matheson Motor Car Co., 241 Pa. 461, to support the position taken. It is there held that when a witness makes contrary statements in chief and on cross-examination, which are susceptible of reconciliation, it is for the jury to determine the construction to be placed upon the evidence given, the net result of the testimony, and the inferences which should be drawn

therefrom. In other words, the court cannot, as a matter of law, take the case from the jury on the ground that no proper finding can be reached, unless the evidence developed such a conflict that a verdict one way or the other would be a mere guess. But where the burden of proof is upon the plaintiff to establish certain facts before a recovery can be had, and his testimony, or that of his witnesses, on the question, is so contradictory as to present to the jury no basis for a finding, except a mere conjecture, a nonsuit is properly entered (Zenzil v. D., L. & W. R. R. Co., 257 Pa. 473; Black v. P. R. T. Co., 239 Pa. 463; Mulligan v. Lehigh Traction Co., 241 Pa. 139), and this distinction is clearly recognized in the case relied on: Parker v. Matheson Motor Car Co., supra, page 467. A careful perusal of the record now before us can lead to no other conclusion than that the plaintiff failed to show the driver had authority to operate the motor of his employer at the time of the accident; on the contrary, the evidence indicates he was using it for his personal convenience. It therefore follows that the learned court below properly entered a nonsuit.

The assignment of error is overruled, and the judgment is affirmed.