# Raftery, Admr., *v.* Pittsburgh & West Virginia Ry., Appellant.

*Negligence—Railroads—Interstate carrier—Brakeman — Death —Evidence—Charge—Comparative negligence—Guess.*

1. In an action for the death of a brakeman against an interstate carrier, the substantive rights between the parties are governed by the federal rules under the Federal Employers' Liability Act.

2. In such action plaintiff must establish negligence as an affirmative fact, either by direct evidence of it, or such circumstances which in themselves are equivalent thereto or take the place thereof.

3. The fact of an accident brings with it no presumption of negligence; the doctrine of res ipsa loquitur does not apply, nor does the presumption that plaintiff used due care, imply defendant's negligence; the defendant too is presumed to have acted carefully.

4. The evidence must be of a quality entitling it to be presented to the jury. If it is so contradictory in its material parts that any verdict given thereon must be a mere guess, the jury should not be permitted to consider it.

5. Such a principle does not abrogate the function of reconciliation of testimony by juries; it is applied only when it is clear to the trial judge the verdict would be a guess, or where the testimony leaves the matter uncertain as to the possible cause of the injury, so that the jury might guess between any one of a number of causes of the accident, for some of which the defendant may not be responsible.

6. Where, in an interstate carrier negligence case, there is evidence of negligence by defendant and contributory negligence by the party injured or killed, the federal doctrine of comparative

negligence applies, and as to this the trial judge must carefully charge, or be guilty of reversible error.

Argued October 1, 1925. Appeal, No. 79, March T,. 1925, by defendant, from judgment of C. P. Allegheny Co., July T., 1923, No. 1315, on verdict for plaintiff, in case of John Raftery, Sr., Administrator of John Raftery, Jr., deceased, v. Pittsburgh and West Virginia Railway Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Trespass for death of brakeman. Before CARPENTER, J.
The opinion of the Supreme Court states the facts.
Verdict and judgment for plaintiff for $3,000. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment n. o. v., quoting bill of exception.

*Albert B. Graver,* with him *John S. Wendt,* for appellant.—This action was brought in the state court, under the Federal Employers' Liability Act, and, in all such actions, the federal laws and rulings govern as to all substantive rights involved, while the state laws govern as to matters relating to practice and procedure not in conflict with the federal laws: Norfolk Southern R. R. v. Ferebee, 238 U. S. 269.

The question of burden of proof of negligence is one of substantive law, so that the federal law governs: New Orleans, etc., R. R. Co. v. Harris, 247 U. S. 367.

The fact of an accident carries with it no presumption of negligence: Patton v. Ry., 179 U. S. 658.

Nor does the presumption that plaintiff must be considered to have acted with due care relieve him of the necessity of proving the negligence alleged by affirmative proof: Looney v. R. R., 200 U. S. 480.

The burden is on plaintiff to establish by affirmative facts the negligence of defendant before he can recover:

Goater v. Klotz, 279 Pa. 392; Glancy v. Boro., 243 Pa. 217; Propert v. Flanagan, 277 Pa. 145; McAvoy v. Kromer, 277 Pa. 196.

The rule that it is for the jury to reconcile the conflicting evidence of a witness, does not apply where the burden of proof is on plaintiff and the only evidence in support of an affirmative fact is that of one who so contradicts himself as to render a finding of fact thereon a mere guess: Black v. P. R. T. Co., 239 Pa. 463; Parker v. Matheson, 241 Pa. 461; Zenzil v. R. R., 257 Pa. 473; Bunting v. Goldstein, 283 Pa. 356.

Where the question of negligence and contributory negligence is raised by the evidence, the court should explain to the jury what facts would constitute negligence and contributory negligence, in view of the testimony, and instruct the jury accordingly: New York, etc., R. R. v. Enches, 127 Pa. 316; Hayes v. R. R., 195 Pa. 184; Kelchner v. Boro., 209 Pa. 412; Faulkner v. Spinning Co., 245 Pa. 40; Waina v. R. R., 251 Pa. 213.

The application of local rules as to the manner of instructing the jury, and the duty of the court therein, although the case be based on a federal statute, are matters of state law: Chesapeake & Ohio R. R. v. DeAtley, 241 U. S. 310; Louisville & N. R. R. v. Halloway, 246 U. S. 525.

*William L. Jacob,* with him *John J. McGrath,* for appellee, cited: C. & O. Ry. v. Kelly, 241 U. S. 485.

OPINION BY MR. JUSTICE KEPHART, November 23, 1925:
Deceased was killed while employed as a brakeman on a common carrier engaged in interstate commerce. His widow recovered in the court below. The substantive rights between the parties, arising from relations as here indicated, are governed by the federal rules under the Federal Employer's Liability Act, though the case is tried in the state court: Norfolk Southern R. R. Co. v. Ferebee, 238 U. S. 269; New Orleans & Northeastern

R. R. Co. v. Harris, 247 U. S. 367, 371, and cases cited. In such action plaintiff must establish negligence as an affirmative fact, either by direct evidence of it, or such circumstances which in themselves are equivalent thereto or take the place thereof: New Orleans & Northeastern R. R. Co. v. Harris, supra, 367. Negligence is the basis of the duty to make compensation (New York Central R. R. Co. v. Winfield, 244 U. S. 147, 149); the fact of an accident brings with it no presumption of negligence: Patton v. Texas & Pacific Ry. Co., 179 U. S. 658, 663. The doctrine of res ipsa loquitur does not apply nor does the presumption that plaintiff used due care imply defendant's negligence (Looney v. Metropolitan R. R. Co., 200 U. S. 480, 486, 488); defendant too is presumed to have acted carefully: Looney v. Metropolitan R. R. Co., supra, 488; Allen v. Kingston Coal Co., 212 Pa. 54. The evidence must be of a quality entitling it to be presented to the jury. If it be so contradictory in its material parts that any verdict given thereon would be a mere guess, the jury should not be permitted to consider it: Goater v. Klotz, 279 Pa. 392, 396; Propert v. Flanagan, 277 Pa. 145, 146; McAvoy v. Kromer, 277 Pa. 196, 198. The function of reconciliation of testimony by juries (Parker v. Matheson Motor Car Co., 241 Pa. 461) is not abrogated by this principle: Goater v. Klotz, supra, 395. This principle of reconciliation is by far the most important doctrine in our jurisprudence. The other rule is applied only when it is clear to the trial judge the verdict would be but a guess, or where the testimony leaves the matter uncertain as to the possible cause of the injury, so that the jury might guess between a number of causes of the accident, for one or more of which the defendant may not be responsible.

As we view the charge of the court, these governing principles applicable to the facts were entirely overlooked. Negligence was the gist of the action, and evidence was submitted tending to establish a state of facts

which, under guarded instructions, might well have been termed negligence.   Defendant's supposed negligence consisted in starting the train immediately after it stopped; the deceased stepped in between the motionless cars to remove a coupling-pin.   Deceased's negligence, if any, was in stepping between the cars while the train was in motion.   The testimony before the jury was hazy as to what really happened, at least it was not free from doubt as to whether or not the deceased stepped between the cars when moving.   It was therefore imperative that the jury should not only understand the rules above referred to as to contradictory statements but, more important, should clearly and distinctly understand what defendant's supposed negligence consisted of, what acts would constitute it in the given case, and whether such acts were present, if they believed the testimony asserting it.   The court below did not charge on any of these matters.

Negligence was the main issue.   To fail to instruct the jury as to what it was, what acts constituted it in a given case, and whether (if the testimony was believed) they existed, was like sending a mariner to sea without sextant, chart or compass.   The jury had nothing to guide them in passing on the evidence except their own ideas as to what the law should be.

The trial court not only failed to charge as to defendant's neglect but also as to deceased's contributory negligence and there was evidence from which it could have been found.   In such case the federal statute provides: "The damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee."   As the federal rule of comparative negligence differs from our rule, the court should charge on it.   Failure to do so is reversible error: Waina v. Pennsylvania Co., 251 Pa. 213; Seaboard Air Line Ry. v. Tilghman, 237 U. S. 499.   As stated by the present Chief Justice in Waina v. Pennsylvania Co., 251 Pa. 213, 218, after quoting from Norfolk & Western Ry. Co. v. Ear-

nest, 229 U. S. 114, 122; Grand Trunk Western Ry. Co. v. Lindsay, 233 U. S. 42, 47, and Seaboard Air Line Ry. v. Tilghman, 237 U. S. 499, 501: "It may be seen therefrom that the trial judge was obliged to submit to the jury the issues involved at bar, and his instructions in so doing were substantially correct......Where the evidence justifies a finding that both the defendant and plaintiff were guilty of negligence contributing to the accident, the jury should be carefully instructed concerning the rule of comparative negligence established by the federal statute." And as stated in Seaboard Air Line Ry. v. Tilghman, supra, 501: "No reference was made to the rule of proportion specified in the statute or to the occasion for contrasting the negligence of the employee with the total causal negligence as a means of ascertaining what proportion of the full damages should be excluded from the recovery." The rule that it is the duty of the trial court to give proper instructions is not only a rule of this court (Kahn & Feldman, Inc., v. Herbert, 279 Pa. 440) but of the federal court as well: Louisville & Nashville R. R. Co. v. Halloway, 246 U. S. 525. Other questions are presented by the assignments not here dealt with, and we do not decide them. Another trial may cure all alleged irregularities.

The judgment is reversed and a venire facias de novo awarded.