Ginocchietti, Appellant, v. Lehigh Valley Railroad Company.

Argued April 18, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*Colbert C. McClain,* for appellant.

*John J. McDevitt, Jr.,* with him *Joseph M. Leib, John J. McDevitt, III,* and *Francis H. Bohlen, Jr.,* for appellee.

OPINION BY MR. JUSTICE LINN, May 6, 1940:

Plaintiff appeals from judgment on the record after the disagreement of the jury: Act of April 20, 1911, P. L. 70, 12 PS section 684. Her husband had been working with others in a tomato patch near defendant's railway in the country and along or near a road crossing the railway to give access from a near-by public road to one or more farmhouses. The weather was clear. A dog fight began on or near the farm road and was continued along that road to and on the railway at the crossing. Plaintiff's husband, not owning either of the dogs, followed to stop the fight. From some of the evidence it might be inferred that while kicking at the dogs he fell on the railroad. A witness testified that she went to decedent's aid by trying to pull him off the track; before she could do so, she saw, for the first time, defendant's train (locomotive, tender and caboose) about 150 feet away. She withdrew in safety but the man was killed.

The burden of proof was on plaintiff. She charged that her husband was lying on the track long enough for defendant's servants, in the exercise of reasonable care required in the circumstances, to have seen him and to have stopped the train before striking him. That is the fact to be established. The evidence was so contradictory and inconclusive in the sense that no verdict on her behalf could be based on it, that the learned court below rightly entered the judgment complained of. In

*Raftery v. Pittsburgh & West Va. Ry.*, 284 Pa. 555, 558, 131 A. 470, the court said: "The evidence must be of a quality entitling it to be presented to the jury. If it be so contradictory in its material parts that any verdict given thereon would be a mere guess, the jury should not be permitted to consider it: *Goater v. Klotz*, 279 Pa. 392, 396; *Propert v. Flanagan*, 277 Pa. 145, 146; *McAvoy v. Kromer*, 277 Pa. 196, 198. The function of reconciliation of testimony by juries *(Parker v. Matheson Motor Car Co.*, 241 Pa. 461), is not abrogated by this principle: *Goater v. Klotz*, supra, 395." See also *Bunting v. Goldstein*, 283 Pa. 356, 359, 129 A. 99. One of plaintiff's witnesses testified that only "three or four seconds" elapsed between the time decedent fell and the train struck him, although at another time the same witness said that decedent was lying unconscious on the track "twelve to fifteen minutes".[1] Another witness called by plaintiff said she was standing fifteen feet from the crossing at the time decedent fell, but that she was unable to reach him before the train arrived; later she testified that he had been lying helpless for "fourteen or fifteen seconds". Plaintiff's only other eyewitness was walking near the right-of-way some three hundred feet above where the accident occurred. She saw the decedent on the tracks "trying to chase" the dogs; then she "saw the engine coming." The engineer had his head "outside" the cab and was looking "ahead"; when she waved a warning, he "tried to grab something." If he was looking ahead he was obviously engaged in his duty and if the train was moving at any of the rates of speed[2] testified to, it could not be stopped before reaching this crossing.

---

[1] We think the court was right in concluding that when this witness gave the time as 15 minutes she was clearly mistaken in the circumstances described by all the witnesses.

[2] Plaintiff's witnesses said the engine was moving at 50-55 miles an hour while defendant's witnesses gave the speed at 28-30 miles.

The evidence is plainly insufficient to establish that plaintiff's decedent was lying helpless on the tracks long enough for defendant's engineer to have seen him and to stop the train, or that the engineer wantonly refused to apply the brakes in time. Compare *Custer v. Baltimore & Ohio R. R. Co.*, 19 Pa. Superior Ct. 365, 206 Pa. 529, 55 A. 1130.

Judgment affirmed.