## Charles A. Taggart & Co., Inc.
## v. Stevens

*Walter R. Milbourne* and *James C. Buckley*, for plaintiff.

*John G. Siegle*, for defendant.

SAND, J., September 8, 1970.—This case arises out of an action in assumpsit wherein plaintiff-broker alleged and attempted to prove a contract of agency between it and defendant-principal for a sale of stock known as Star *Supermarkets*, Inc., a sale of said stock for defendant, payment of net proceeds to defendant, delivery by defendant to plaintiff of stock

known as Star *Super Markets,* Inc., and purchase of cover in the market by plaintiff. The contract which plaintiff attempted to prove was either express or by ratification. The trial court entered a compulsory nonsuit on motion of defendant at the close of plaintiff's evidence. Plaintiff has filed and argued motions for removal of the nonsuit and for a new trial in which these issues are raised, to wit: (1) Was the evidence sufficient to permit the jury to find that defendant authorized plaintiff to sell stock in Star *Supermarkets,* Inc. (rather than Star *Super Markets,* Inc.); (2) was the evidence sufficient to permit the jury to find that defendant ratified the sale of stock in Star *Supermarkets,* Inc., by (a) accepting the net proceeds of the sale with knowledge of the actual facts at the time of receipt, or (b) retention of the net proceeds of the sale with knowledge of the actual facts and before defendant changed his position; and, finally; (3) did the trial judge err in not permitting plaintiff to amend its complaint to include a cause of action in unjust enrichment?

Our review of the record confirms the correctness of the actions of the trial judge.

Plaintiff's evidence, by its own broker and officer, by physical evidence, and by defendant called as on cross, shows that defendant found the Star *Super Markets,* Inc., stock while searching through his deceased father's property; that he did not know the value of the stock; that plaintiff was asked to quote on the stock in November 1967; that plaintiff gave a written quotation and recommendation to sell Star *Super Markets,* Inc., in November 1967; that the sale was so ordered and executed in December 1967; that defendant delivered, and plaintiff gave a receipt for stock in Star *Super Markets,* Inc.; that plaintiff paid the net proceeds of the sale to defendant in December 1967; that defendant thereupon reinvested the fund

along with other funds; that plaintiff discovered in March 1968, that Star *Super Markets,* Inc., was a bankrupt corporation; that the price quoted and paid to defendant was actually that of Star *Supermarkets,* Inc.; that plaintiff was forced to purchase cover in the open market to meet its obligation to its cooperating broker at a substantially higher price than that paid defendant; and that plaintiff could have determined and finally did determine the actual status and value of Star *Super Markets,* Inc., by reference to certain stock trading periodicals and the Financial Stock Guide Service.

Though plaintiff urges that the foregoing evidence is sufficient proof of a contract for the sale of stock in Star *Supermarkets,* Inc., we hold the evidence so contradicts that conclusion that a verdict thereon in favor of plaintiff would be the result of mere guess or whimsy on the jury's part. The court may not permit such a verdict. See Raftery v. Pittsburgh & West Virginia Ry., 284 Pa. 555. In such cases, a nonsuit is properly entered: Goater v. Klotz, 279 Pa. 392.

Far from proving its complaint in assumpsit, plaintiff's evidence tended to prove a cause of action in unjust enrichment, a theory subject to defenses and mitigation dissimilar to an action in contract. Near the trial's close, plaintiff sought to amend his complaint to include the theory of unjust enrichment. Defendant objected that this constituted legal surprise inasmuch as he did not have the opportunity to test the proposed amended complaint by pretrial motions, crossexamine plaintiff's witnesses in connection with the new cause of action, defenses thereto and mitigation thereof, and that witnesses who might prove his defense and mitigation of the new cause of action were already excused from the trial in reliance on the statement of plaintiff's counsel in chambers prior to

the trial that he would proceed on the original complaint without amendment.

Under these circumstances, the amendment was properly denied: Zawada v. Pennsylvania System Board of Adjustment, 392 Pa. 207. Let plaintiff pursue the proper cause of action in a just manner by providing defendant with a complaint to which it may object or answer and a trial at which it may object to evidence, crossexamine witnesses and present its defense and mitigation, all on the cause of action by which plaintiff actually intends to recover.

Accordingly, we enter the following:

### ORDER

And now, September 8, 1970, after consideration of briefs and arguments before the court en banc, it is ordered and decreed that plaintiff's motions to take off the compulsory nonsuit and for a new trial be and the same are hereby dismissed insofar as they relate to the cause of action in contract. Plaintiff is granted leave to amend its complaint to allege a cause of action in unjust enrichment within 20 days hereof.