# Mulligan, Appellant, *v.* Lehigh Traction Company.

*Negligence—Fall over obstruction—Evidence—Directed verdict.*
In an action to recover damages for injuries sustained by plaintiff in stumbling over certain rails, deposited on a vacant lot in a city, where plaintiff claims that the rails projected into a public street, and that she fell over them while walking on the street, but her uncorroborated testimony is so conflicting that it would have been impossible for the jury to have found where she fell, the lower court commits no error in directing a verdict for the defendant.

Argued April 15, 1913. Appeal, No. 107, Jan. T., 1913, by plaintiff, from judgment of C. P. Luzerne Co., Oct. T., 1909, No. 358, on verdict for defendant in case of Isabella Mulligan v. Lehigh Traction Company. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before FULLER, P. J.

The opinion of the Supreme Court states the facts.

The court directed a verdict for defendant, upon which judgment was entered. Plaintiff appealed.

*Error assigned* was in directing a verdict for defendant.

*James L. Lenahan,* with him *James P. Costello,* for appellant.

*John H. Bigelow,* with him *John T. Lenahan,* for appellee.

PER CURIAM, May 19, 1913:

On May 8, 1909, employees of the defendant company placed some iron rails on a vacant lot in the City of Hazleton. They extended out onto Eleventh street. On the evening of the same day that they were placed on the lot the appellant fell over them and was injured. In her statement of claim she averred that she fell over them while walking on Eleventh street, and the burden was upon her to establish this material averment, for if she fell over the rails while walking on the lot, there was no liability on the part of the defendant company for the injury she sustained. This is not questioned by her counsel. She was the only witness as to where she fell, and from her testimony it would have been impossible for the jury to have found where she did fall. Her conflicting statements are irreconcilable. It would have been but a mere guess if the jury had found that she fell on the street. As to this the learned trial judge correctly instructed the jury when he said, in directing them to find for the defendant: "Now, she is the only witness as to the place where she fell, a vital point in the case. The burden of proof was upon her to show where she fell and to show you that she fell within the boundaries of the street. Her testimony on that vital point is inconsistent and contradictory. In one breath she said that she was on the street, walking along the street, when she fell, but in the next breath she stated that she was on the vacant lot when she fell." The authorities cited by counsel for appellant are not applicable, in view of the failure of the plaintiff to establish the fact upon which her right to recover depended.

Judgment affirmed.