# Zenzil et al., Appellants, v. Delaware, Lackawanna & Western Railroad Company.

*Negligence—Railroads—Children—Crossings — Warning of approach—Contributory negligence—Nonsuit.*

1. In those cases where it has been held that it is within the province of the jury to pass upon conflicting statements in the plaintiff's own testimony, the conflicting statements were on the question of contributory negligence where the burden of proof is on the defendant. If such conflicting testimony refers to a subject as to which the burden of proof is upon the plaintiff, the court should not submit evidence to the jury which will merely enable them to guess at a fact in favor of a party who is bound to prove it.

2. Where in an action against a railroad company for injuries to a child upon defendant's tracks, the accident is alleged to have occurred at a permissive crossing, the burden of proof is upon plaintiff to establish the fact that the accident happened at such crossing, and if plaintiff's own testimony on that question is so contradictory and conflicting as to present to the jury no basis for a finding, except a mere guess, a nonsuit is properly entered.

3. The object of signals is to give notice that a train is about to occupy the track, but when the engine has passed and the cars are following one after the other, no further warning is necessary as to a person beside the train, and if such person walks into the train in broad daylight he cannot successfully contend that there was negligence in failing to warn him.

4. Where the child in such case was nine years old, it seems that the question of contributory negligence would be for the jury.

Argued Feb. 20, 1917.   Appeal, No. 395, Jan. T., 1917,

by plaintiffs, from order of C. P. Lackawanna Co., March T., 1914, No. 151, refusing to take off nonsuit, in case of Stephen Zenzil, a minor, by his father and next friend, Peter Zenzil, and Peter Zenzil in his own right, v. The Delaware, Lackawanna and Western Railroad Company. Before BROWN, C. J., POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before NEWCOMB, J.

The opinion of the Supreme Court states the facts.

The court entered a compulsory nonsuit, which it subsequently refused to take off. Plaintiffs appealed.

*Error assigned* was in refusing to take off the nonsuit.

*Thomas P. Duffy,* with him *Joseph F. Gilroy,* for appellants.—A higher degree of care is demanded where an infant is on a railroad track at or near a permissive crossing than when an adult is on the track; there was evidence in this case that the train was not operated with due regard to plaintiff's safety at the time of the accident and the case should have been submitted to the jury: Philadelphia & Reading R. R. Co. v. Spearen, 47 Pa. 300; Francis v. Baltimore & Ohio R. R. Co., 247 Pa. 425; McCabe v. Kain, 250 Pa. 444.

*J. H. Oliver,* with him *D. R. Reese* and *Warren, Knapp, O'Malley & Hill,* for appellee.—There was no evidence of negligence on the part of the defendant.

OPINION BY MR. JUSTICE WALLING, April 16, 1917:

This suit is for injuries caused to a child by a freight train.

Defendant's double track railway extends in a northerly and southerly direction through Dalton Borough in Lackawanna County. The station is on the east side of the easterly or northbound track; opposite it, on

the west side of the westerly or southbound track, a side track branches therefrom and extends southerly toward Scranton; so that to the south of the station there are three parallel tracks. A short distance to the west there is a residence street, parallel with the railway, the lots on the east side of which extend back to the right of way. One of the lots, known as the Von Storch lot, is about 300 feet south of the station, and adjoining this lot on the north is the Ives lot. At the time in question there was a path leading from said street diagonally across the Von Storch lot to the right of way at the southeast corner of the Ives lot, where there was a board across the railroad ditch and there pedestrians were accustomed to cross the tracks, as a short cut in going to and from the station. It appears to have been so used sufficiently to be regarded as a permissive crossing. The Ives lot being higher than the tracks, was graded down in the form of a terrace, and there, about twenty-five or thirty feet north of the Von Storch lot, steps led down to the right of way, but the evidence failed to show that people were in the habit of crossing the tracks at that point. In other words, the evidence did not tend to show two permissive crossings. Peter Zenzil was in defendant's employ as a track hand and lived near the station on the east side of the tracks. On August 13, 1913, his son, the plaintiff, then nine years of age, was out with three other boys slightly older than himself and early in the afternoon they were on the west side, where for a time they watched a ball game and then came to the railroad. The evidence is not clear whether they came by the path or by the public road to the station. At any event they then went up on the rear end of the Ives lot where a man was cutting or trimming a tree; and the boys played tag there and possibly on the right of way as there was no fence between. It was then after 1:30 p. m., and a northbound passenger train came and stopped at the station. The evidence tends to show that the boys were then on or near the side track waiting for the train to

move so they could cross the tracks in the direction of plaintiff's home, when a long freight train, with an engine at each end, came up the grade from the north on the west main track, and as it was passing plaintiff's clothes were caught by one of the cars and he was thrown so that his left foot was seriously injured, seemingly under a car wheel. His testimony is that he was standing on the ends of the ties of the siding next to said track and was hit by the train and that as he states "it pulled me down a little ways." He does not say nor seem to remember what part of the train struck him; but William Doggett, one of the boys with plaintiff, and the only other witness of the accident who was called, says in substance that there were fifty to sixty cars in the freight train, and all the boys were playing on the bank until about one-third of the train had gone by and that the accident happened after about twenty cars had passed. He also locates the place of the accident a considerable distance, probably fifty to one hundred feet, north of the so-called permissive crossing. One part of plaintiff's own testimony would indicate that he was hurt at or near such crossing, while other parts of his evidence locate the place of accident at points to the north thereof. And his testimony is confused and contradictory. There is negative evidence that no warning was given of the approach of the freight train, except that it made some noise coming up the grade. The only evidence of defendant's negligence is that tending to show absence of due warning of the train's approach.

This appeal was taken from an order of the trial court discharging the rule to take off the compulsory nonsuit that had been granted at the conclusion of plaintiff's testimony. An examination of the record fails to disclose sufficient evidence to sustain a verdict against the defendant.

The evidence of William Doggett, that part of the train had passed before the accident finds support in the circumstances and is not contradicted. If true it is dif-

ficult to see how the alleged lack of warning contributed to the accident. The object of signals is to give notice that the train is about to occupy the track; but when the engine has passed and the cars are following one after another it is the best possible evidence that the company is occupying its track. The alleged lack of formal signals is not material in the case of one who in daylight walks into a train that is and for some time has been passing before him. And aside from that the evidence would not sustain a finding that plaintiff was hurt at the permissive crossing. His own evidence as to that being conflicting and that of his own witness being directly to the contrary, the court was not bound to submit the question to the jury. This principle is stated and the authorities in support thereof cited in the opinion of Mr. Justice POTTER, filed at the present term of this court, in the case of Magier v. Philadelphia & Reading Railway Co., 257 Pa. 383.

In our case the burden of proof was upon the plaintiff to establish, inter alia, the fact that the accident happened at the permissive crossing, and, as his own testimony on that question was so contradictory and conflicting as to present to the jury no basis for a finding, except a mere guess, the nonsuit was properly granted: see Mulligan v. Lehigh Traction Co., 241 Pa. 139, and Cawley v. Balto. & Ohio R. R. Co., 44 Pa. Superior Ct. 340.

In certain cases it is the province of the jury to pass upon conflicting statements in plaintiff's own testimony: Ely v. Pittsburgh, Cincinnati, Chicago & St. Louis Ry., 158 Pa. 233; Strader v. Monroe County, 202 Pa. 626; Sloan v. Philadelphia & Reading Ry. Co., 225 Pa. 52.

But in those cases the conflicting statements were on the question of contributory negligence where the burden of proof was on the defendant. In Ely v. Pittsburgh, Cincinnati, Chicago & St. Louis Ry., supra, Mr. Justice MITCHELL in delivering the opinion of this court says (p. 238):

"Had the testimony referred to a subject as to which the burden of proof was on the plaintiff, the result might have been different, for the court is not entitled to submit evidence which will merely enable a jury to guess at a fact in favor of a party who is bound to prove it."

This case is not ruled by Piepke v. Philadelphia & Reading Ry. Co., 242 Pa. 321; there an engine and tender were running backward upon a public street, at or near a crossing where small children were standing upon the track, and no signal was given of the approach of the engine or effort made to avoid the accident, and this court held that the case was for the jury. Of course children are entitled to greater protection than adults, and it is the duty of those in charge of trains to avoid wanton or reckless injury even to trespassers, yet there is no allegation or evidence of such injury in this case, and it is not shown that those in charge of the train saw the boy before the unfortunate accident. On account of plaintiff's age the question of contributory negligence would be for the jury.

The assignment of error is overruled and the order discharging the rule to take off the nonsuit is affirmed.