DELAWARE, L. & W. R. CO. v. BALTRUSHITIS et al.

(Circuit Court of Appeals, Third Circuit. December 14, 1917.)

No. 2284.

RAILROADS ☞400(2)—INJURY TO CHILD ON TRACK—TRESPASSER—WHEN QUESTION OF FACT.

Defendant owned a short line of railroad in a city, consisting of five tracks; the two outer tracks being used for moving trains and the others for the storage of cars, some awaiting repairs, and some, further movement. The crippled cars sometimes remained there for several months. On one side of the tracks, on about the same level and not separated from them, was an open field, which for many years, without objection from defendant, had been used as a playground at all times of the year by children, who also played on and between the tracks, and were often on and around the standing cars. A moving freight train of 50 or 60 cars stopped on the nearest track, where it stood for some half an hour; the engine not being in sight. Plaintiff, a boy 11 years old, with companions, was playing a game beside the tracks, using in the play a piece of wood which they lost. Plaintiff finally saw it under the standing train

and crept in after it, when the train started without warning, running over him and cutting off his arm. There was no evidence that defendant had actual knowledge of his presence. *Held*, that the occupancy of the track by the train was so like the previous occupancy of the other tracks by standing cars that plaintiff could not be said as matter of law to have been a trespasser, to whom defendant owed no duty of notice, but that such question was properly left to the jury.

In Error to the District Court of the United States for the Middle District of Pennsylvania; Chas. B. Witmer, Judge.

Action at law by John Baltrushitis and another against the Delaware, Lackawanna & Western Railroad Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Warren, Knapp, O'Malley & Hill, D. R. Reese, J. H. Oliver, and H. A. Knapp, all of Scranton, Pa., for plaintiff in error.

R. L. & Leon Levy and Clarence Balentine, all of Scranton, Pa., for defendants in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge. This action is by a minor son and his mother (the father being dead) to recover damages for the loss of the boy's right arm. He was 11 years old at the time, and was injured by the unannounced starting of a freight train.

The company owns and operates a short line in the city of Scranton, called the Keyser Valley Branch, running from Cayuga Junction to Hampton Yard. Adjoining this line on the left, and close to the plaintiffs' house on Clearfield street, was an open field or common, several acres in extent, which had for years been much used by boys and girls as a playground, both in summer and in winter, especially on Sundays and holidays. Immediately alongside the common ran the five tracks of the branch; the first and the fifth tracks being used for live, or regular, traffic, and the second, third, and fourth tracks being used for the storage of cars, some of them empty and awaiting repairs, and some of them loaded and awaiting further movement. The crippled cars sometimes stood for several months. There was no barrier between the tracks and the field, and the rails were nearly level with the ground. While playing upon or near the common, the children were often on or about all the tracks, and also on or about the standing cars. In the summer, baseball and other games were played, and these sports often led the players upon the tracks and on and over the cars. On the right of the tracks there were swimming holes, and to reach these the boys continually crossed and recrossed the rails. Close to the first track were several trees, and swings were suspended from these, upon which the children swung forward and backward over the company's ground. In winter there was much coasting, the grade sloping toward the tracks, and the sleds often ran up to and upon the right of way. A small pond immediately adjoining the tracks on the left was much used for skating, and indeed skating and sliding were practiced even between the rails themselves. There was no dispute about the use of the field and of the right of way as a playground, or about the fact that the company had known of such use for years and had made no

objection thereto. On the afternoon of Sunday, January 12, 1913, a freight train, 50 or 60 cars long, was running on the first or left-hand track toward Hampton Yard, and was brought to a stop opposite the common. The locomotive was not in sight, and the train may have remained at rest for half an hour. The boy and two companions had been playing at a game known as "nips," and they had lost a piece of wood, an essential implement of the game. His companions went away, but he continued the search, and finally saw the piece under the standing train. He crept under to recover it, and while he was on the track the train started, without bell, whistle, or other signal, and ran over him, doing the injury complained of. There was no evidence that the company had actual knowledge of his presence, and the jury (following instructions that are not complained of) has determined that he was not guilty of contributory negligence.

The foregoing statement sets forth, not only the undisputed facts, but also the facts that were disputed, but have been found by the jury in favor of the plaintiffs. The only question presented upon this writ is whether the defendant was entitled to binding instructions; the argument being made that, as the company had resumed the occupancy of the track by running a live train thereon, its right of occupancy was exclusive, so that the boy must be regarded as a trespasser, to whom the company owed no duty, because it had no actual knowledge of his presence. It is conceded that, under the decision in O'Leary v. Railroad, 248 Pa. 4, 93 Atl. 771, the company would have been liable if the boy had been struck by the engine as it approached the playground without giving proper signals of the company's intention to resume the actual and exclusive occupancy of the track. That case, however, is said to be, inapplicable, because the injury here took place after the company had actually resumed its exclusive occupancy and had placed a live train upon the rails, thus revoking its permission to use the track as a playground, and the decision in Zenzil v. Railroad, 257 Pa. 473, 101 Atl. 809, is relied on to support the distinction. We cannot agree with this contention. In our opinion the occupancy of the track now in question was so like the previous occupancy of the other tracks that the situation had not been materially changed; the only difference was that, instead of three tracks being used for standing cars, four tracks were now occupied, and this can hardly be regarded as unmistakable notice that one set of cars belonged to a live train, while the other cars were merely in storage. The company had permitted the use of all its tracks as a playground, whether the tracks were empty or were occupied by standing cars, and we think it would be going too far to hold that the trial judge was bound to decide as a matter of law that (without more) the presence of the standing train on track No. 1 was conclusive notice that the train was alive and might be moved at any moment. At the best, the jury was the proper tribunal to determine whether under all the circumstances the company failed to exercise reasonable care in operating the train for the purpose of avoiding injury to those who might be continuing the permissive use of the tracks. This question was submitted and was decided against the company.

We find no error in the record, and the judgment is therefore affirmed.