# Maynard v. Barrett et al., Appellants.

*Negligence—Automobiles—Trucks—Pedestrians — Street intersection—Failure to sound horn—Driving close to curb—Pedestrian stepping upon curb—Obstruction to view—Conflicting evidence—Contributory negligence—Case for jury.*

In an action by a pedestrian to recover for personal injuries sustained by reason of being struck by defendant's motor truck, the case is for the jury and a verdict for the plaintiff will be sustained where plaintiff's evidence was that he was walking eastwardly along the south sidewalk towards an intersecting street which he intended to cross, that just before stepping into the street he looked in both directions and saw no vehicles approaching, although he saw a limousine standing on the west side of the street he was crossing, beyond the northwest corner of the intersection, that he then stepped into the street and was instantly struck by the front of defendant's truck, which was southbound, and had approached without warning, under improper control, and dangerously close to the curb; although defendant's evidence was that plaintiff while on the sidewalk, and close to the curbstone, was struck on the shoulder by the upper part of the truck while he was proceeding in the same direction as the truck, and that the accident occurred not at the intersection but 40 or 50 feet south thereof.

Argued Jan. 9, 1918. Appeal, No. 85, Jan. T., 1917, by defendants, from judgment of C. P. No. 4, Philadelphia Co., June T., 1916, No. 1625, on verdict for plaintiff, in case of Robert A. Maynard v. William Barrett, President of Adams Express Company, a joint stock association. Before MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before AUDENRIED, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,000 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was in refusing defendant's motion for judgment non obstante veredicto.

*William A. Schnader,* with him *Thomas DeWitt Cuyler,* for appellant.—The defendant was not guilty of negligence: Penna. R. R. v. Ogier, 35 Pa. 60; Clement v. Adams Express Co., 43 Pa. Superior Ct. 25; Larner v. New York Transportation Co., 149 App. Div. 193.

The plaintiff was guilty of contributory negligence: Harris v. The Commercial Ice Co., 153 Pa. 278; Myers v. B. & O. R. R. Co., 150 Pa. 386.

*Henry J. Scott,* for appellee, cited: Hess v. Kemmerer, 65 Pa. Superior Ct. 247; Schwab v. Kolb, 65 Pa. Superior Ct. 326; Safian v. American Ice Co., 66 Pa. Superior Ct. 419.

OPINION BY MR. JUSTICE MESTREZAT, June 3, 1918:

This is an action of trespass brought by the plaintiff to recover damages for injuries which he alleges he sustained by reason of the defendant's negligence. It appears that, on June 19, 1916, about half past five o'clock in the afternoon, the plaintiff was walking eastwardly on the south side of Cherry street in the City of Philadelphia, and when he reached the intersection of Seventeenth and Cherry streets he was hit by an electric truck of the defendant company and severely injured. The plaintiff alleges the driver of the truck failed to give proper signals of its approach to Cherry street as it proceeded along Seventeenth street, he did not have such control of the truck that it could be brought to a stop within a reasonable distance, and the truck was driven at such close proximity to the curb of Seventeenth street as to make it dangerous and a menace to persons on the pavement. The plaintiff testified that

after making a business call at 1726 Cherry street, he proceeded east on the south side of Cherry street to Seventeenth street, which he intended to cross for the purpose of attending to a business affair farther east on Cherry street. When he arrived at Seventeenth street, he looked east, south and north and saw no vehicle approaching. He saw a limousine car standing on the west side of Seventeenth street north of Cherry street. He stepped back about two steps, so that he could see beyond the limousine, and saw no other vehicle. He undertook to cross Seventeenth street, and when in the act of stepping off the curb, "one foot on the pavement and one foot going toward the street," he was hit by the defendant's electric truck. He was about two feet south of the Cherry street curb. He heard no sound of a gong or other warning. Ada Allen, plaintiff's witness, testified that she was sitting at an open window in the second or third house on Seventeenth street south of Cherry street and saw the truck north of Cherry street coming south on Seventeenth street, that it did not give any warning signal of its approach to the latter street, that after it had crossed Seventeenth street it ran very close to the west curb of Seventeenth street and hit the plaintiff as he was stepping off the pavement and carried him from three to five feet when the truck stopped. Virginia Allen, plaintiff's witness, testified that from a window she saw the plaintiff coming east on the south side of Cherry street, and when he was in the act of stepping from the curb into Seventeenth street the truck ran very close to the edge of the curb and caught and pinned him under it. She says that the plaintiff was struck by the front wheel of the truck, and that it gave no warning signal of its approach to the place of the accident, which was where the crossing would be if there had been any crossing-stones on the street. One of the defendant's witnesses testified that she was going north on the pavement on the west side of Seventeenth street and met the plaintiff south of Cherry street walking close to the curbstone,

and that the upper part of the truck seemed to strike him on the shoulder, that he was facing south at the time he was struck, and that he fell between the front and rear wheels and was south of the rear wheel when the truck stopped, which was about three feet from the point of the collision. She also testified that at the time of the accident the front wheel of the truck seemed to be almost touching the curb of the pavement. The plaintiff was walking in the same direction in which the truck was traveling. The driver of the truck, defendant's witness, testified that, as he was driving south on Seventeenth street and was north of the house line of Cherry street, he saw the plaintiff at the southwest corner of Seventeenth and Cherry streets, that he did not see him turn the corner on Cherry street and gave no further attention to him and knew nothing of him until the accident occurred south of Cherry street.

The defendant claims that the accident occurred on the west side of Seventeenth street and about forty or fifty feet south of the line of the Cherry street curb and not at the crossing of the two streets, that the plaintiff came in contact with the truck between its front and rear wheels, fell under the truck and was carried from three to five feet, when the truck stopped. It is claimed that at the time of the collision the truck was not being operated at a negligent speed, that the plaintiff was not struck by any part of the front of the truck nor did any part of the truck pass over him, that no part of the truck extended over the Seventeenth street curb. Several witnesses were called by defendant and they contradicted the testimony of the plaintiff as to where and how the accident occurred, and their testimony would have justified a finding that the plaintiff was guilty of contributory negligence and absolved the defendant from any negligent conduct in operating the truck at the time of the accident. The learned president judge of the court below submitted the case in an exhaustive charge in which he directed attention to the material parts of the testi-

mony of the witnesses on both sides and explained fully and correctly the duties of the plaintiff and the driver of the truck as they approached the intersection of the streets. In concluding the charge on this branch of the case the court said : "What do you think about this matter? Do you think that Nadler [the driver of the truck] handled the car as he ought to have done? Do you think that he handled it as a man of ordinary common sense would? If he did not, then, if Maynard [the plaintiff] was clear of blame in the matter himself, you may render a verdict in the plaintiff's favor. If Nadler was not guilty of negligence, if you think that he did everything that a man of ordinary common sense and intelligence would have done under the circumstances to save other people from harm, your verdict ought to be in favor of the defendant. And your verdict ought to be in favor of the defendant if you think that Mr. Maynard was careless in the way in which he attempted to leave the curb on the west side of Seventeenth street or in the way in which he approached the curb on the west side of Seventeenth street. He was bound to give some attention to his safety, and if he neglected those reasonable precautions which any man of common sense would have taken, and in that way helped to bring this accident about, he is not entitled to one cent of damages." The verdict was for the plaintiff, and after a careful examination of the testimony we are not convinced that it was not sufficient to justify its submission to the jury both as to the plaintiff's and defendant's negligence. We are, therefore, compelled to affirm the judgment which was entered on the verdict.

Judgment affirmed.