## Kulla v. Lehigh Valley Coal Company.

*Roger Dever*, for plaintiff; *D. W. Kaercher*, for defendant.

Houck, J., July 23, 1928.—In this compensation case the referee awarded compensation to the dependent widow and children of Andrew Kulla, an employee of the defendant company. The defendant appealed to the compensation board and that tribunal remitted the record to the referee for clarification of the testimony of the medical expert. A further hearing was held by the referee, and the compensation board, without stating any additional findings of fact, affirmed the findings of fact and conclusions of law of the referee and dismissed the appeal. Thereupon the defendant appealed to this court, and assigned in support of the appeal four exceptions, which raise the single question whether there is sufficient competent evidence to sustain the award.

The decedent was in the employ of the defendant company as a miner. The referee made the following findings of fact:

"5. We find that on March 22, 1926, the decedent and his buddy were working in a part of the mine where the air was warm, which caused them to perspire. Shortly after this, they went down into the gangway, sat down and ate a piece, where the cold air blew. The decedent took a chill and had to go home from work; he was disabled for a period of a week and then returned to work for three days. He again became disabled and died on April 10, 1926, from a low type of pneumonia.

"6. The decedent's physical condition was below par prior to March 22, 1926, by reason of alcoholism and other causes, and that on this date, when he went from the warm air into the cold air, he received a chill, and this chill so reduced his vitality as to make him a fit subject for the attack of pneumonia which followed some days later.

"7. We find that the decedent's death was hastened by the chill that seized him in the mine on March 22, 1926, and it so reduced his vitality that he contracted the pneumonia some days later."

It was not found specifically that the decedent sustained an accidental injury while in the course of his employment. As will be noted, the referee found that the decedent "took a chill." According to the expert witness called by the claimant, a chill is merely a symptom and is not a disease. It was not shown that the decedent was exposed to any unusual degree of heat or cold, nor that there was any fortuitous circumstance by which the decedent was subjected to exposure, differing either in degree or in kind from that shared in common by those working with him. Since the record must be remitted, for reasons hereinafter stated, this matter may be considered by the compensation authorities in their further determination of this case.

In order to sustain her claim, the claimant relies upon the testimony of Doctor Hunsinger, who is the only physician called as a witness. The compensation board found certain discrepancies in Doctor Hunsinger's testimony given at the first hearing, but was satisfied that he cleared up these discrepancies when recalled at the second hearing. We are not satisfied that the testimony of Doctor Hunsinger sustains the award. At the second hearing, the doctor testified as follows: "Q. Assuming this decedent did have a chill, as testified by the witness, in changing from a warm air to a cold air, in your opinion, that exposure and chill was a predisposing cause of this man's pneumonia? A. It certainly would have been and naturally would lower his resistance." On cross-examination: "Q. You are not prepared to say that any chill this man had on the 22nd of March actually caused this man's death? A. I cannot say that. The only thing I can say is, it might have lowered his vitality and been a predisposing cause. That is the only thing I can say. . . . Q. Intemperate habits would be just as great a contributory cause of death as the chill? A. I should say every bit as great a contributory cause. . . . Q. Might have been a number of predisposing causes in this case outside of the chill? A. There are, certainly. We do know his chill and his excessive use of alcohol. . . . Q. Might have gotten a chill on the street or somewhere else? A. In this case I could not say whether he did or did not. Q. As far as you know, as far as you are able to go in this case, as I gather, is that the chill was just one of several causes that might have caused the man's death? A. Yes, sir. Q. That is the final analysis of it? A. Yes, sir."

It is quite apparent from the testimony to which reference has been made, and the record contains other evidence of the same character, that no finding can be based upon it to the effect that the decedent's death resulted from an accidental injury sustained while in the course of employment. The physician testified that the decedent's known intemperate habits were as much a contributory cause of the pneumonia as the chill. "Where an injury may be the result of one of two or more causes, for only one of which defendant is liable, the burden is on the plaintiff to individuate that one as the proximate cause of his damage (Sullivan v. Baltimore & Ohio R. R. Co., 272 Pa. 429), otherwise there can be no recovery: Zimmerman v. Weinroth, 272 Pa. 537, 539; Miller v. Director General of Railroads, 270 Pa. 330; Bruggeman v. York, 254 Pa. 430, 435. Furthermore, the burden of proof is not met by the

testimony of a witness, when so conflicting as to render any inference drawn therefrom a mere guess: Goater v. Klotz, 279 Pa. 392, 396; Zenzil et al. v. Del., Lacka. & West. R. R. Co., 257 Pa. 473; Mulligan v. Lehigh Traction Co., 241 Pa. 139; Cawley v. Baltimore & Ohio R. R. Co., 44 Pa. Superior Ct. 340;" Gausman v. R. T. Pearson Co., 284 Pa. 348, 352. In the case at bar, the burden was on the claimant to show, first, that her hsuband sustained an accidental injury in the nature of exposure; and, secondly, that this injury caused his pneumonia. A finding to this effect cannot be based on testimony that the pneumonia may have been caused by intemperate habits, or that a chill suffered in the course of employment might have lowered the decedent's vitality. "It cannot be affirmed that whatever lowers a man's vitality is responsible for any disease which may come upon him:" Anderson v. Baxter, 285 Pa. 443, 448. In this case, the expert does not say that the decedent's vitality was lowered. He merely says that it might have been lowered by the chill, which, in effect, is that the chill might have caused the pneumonia, because it might have lowered the decedent's vitality. Evidence of this character is not competent to sustain an award. The expert must testify that the result in question came from the assigned cause: McCrosson v. Philadelphia Rapid Transit Co., 283 Pa. 492; Jones v. Phila. & Reading Coal and Iron Co., 285 Pa. 317; Vorbnoff v. Mesta Machine Co., 286 Pa. 199. See, also, Morgan v. Phila. & Reading Coal and Iron Co., 273 Pa. 255. We are of the opinion that the exceptions must be sustained and the record remitted to the compensation authorities for further hearing and determination: Mauchline v. State Insurance Fund, 279 Pa. 524.

And now, July 23, 1928, the defendant's exceptions are sustained, the decision of the Workmen's Compensation Board is reversed, and the record is remitted to the Workmen's Compensation Board for further hearing and determination in accordance with the views herein expressed.

From M. M. Burke, Shenandoah, Pa.