## Ross v. Riffle, Appellant.

Argued September 28, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*E. C. Higbee,* of *Higbee, Matthews & Lewellyn,* for appellants.—The accident could not have happened in the way described by plaintiff.

Where the testimony of a witness is controverted by undisputed physical facts, the testimony of such witness cannot be accepted: Lamp v. R. R., 305 Pa. 520; Lessig v. Transit & Light Co., 270 Pa. 299.

Testimony of an expert as to probability and possibility is not sufficient to support a verdict: Sinkovich v. Telephone Co., 286 Pa. 427; Vorbnoff v. Machine Co., 286 Pa. 199.

*E. Dale Field*, with him *H. S. Dumbauld*, for appellee. —The rule of "incontrovertible physical facts" does not apply to the present case: Bailey v. Lavine, Inc., 302 Pa. 273, 276; Rothkugel v. P. R. T., 92 Pa. Superior Ct. 105; Maynard v. Barrett, 261 Pa. 376.

If the court's charge was not satisfactory, and if fuller and plainer instructions were desired, counsel should have asked for them: Irwin v. R. R., 226 Pa. 156.

Where the injury complained of is the natural result of the injuries, a jury may be permitted to so find, even in the absence of expert opinion: Connor v. P. R. T., 98 Pa. Superior Ct. 250; Paul v. Refining Co., 304 Pa. 360, 364; Curry v. Willson, 301 Pa. 467.

The verdict was not excessive: Dziak v. Swaney, 289 Pa. 246; Schlossstein v. Bernstein, 293 Pa. 245.

OPINION BY MR. JUSTICE DREW, November 28, 1932:

This appeal is from a judgment entered on a verdict for plaintiff for damages sustained by him when struck by an automobile owned and operated by defendant. The assignments of error relate principally to the refusal of defendant's motions for binding instructions and judgment n. o. v. In passing on them, we shall regard all testimony and reasonable inferences therefrom favorable to plaintiff as true, unless negatived by incontrovertible physical facts, and reject all inferences unfavorable to him: Scalet v. Bell Telephone Co., 291 Pa. 451; Snyder v. Penn Liberty Ref. Co., 302 Pa. 320; Adams v. Gardiner, 306 Pa. 576.

Looked at in this light, the facts of the case are as follows: On the afternoon of June 22, 1926, plaintiff left a restaurant on the western side of Arch Street in the City of Uniontown and walked to the edge of the

sidewalk, intending to cross the street. Arch Street at that place is 18 feet wide. The curb stands 5 or 6 inches above the roadway and is 5½ inches wide. The sidewalk is 4 feet wide, and elevated an inch above the curb. Plaintiff stopped just short of the inside line of the curb, and looked up and down the street for traffic. He saw an automobile entering Arch Street from South Street, about 45 feet away, and, "figuring to cross back of it," he watched it until it was nearly opposite him. As he was turning his head to look in the other direction before leaving the sidewalk, he was struck by defendant's car, which approached from that direction. He sustained a serious and permanent injury. Plaintiff testified that he did not know what hit him, that the accident happened suddenly and without his having seen the object which struck him. An eyewitness testified that plaintiff walked to the curb and was struck by defendant's car. The witness thought the rear of the car hit him. Defendant testified that he did not know of the accident until after it happened, that he did not see plaintiff struck, and asserted positively and without contradiction that he did not drive over the curb. His attention was called to the accident immediately after it happened, when the eyewitness shouted to him to stop.

Plaintiff is 6 feet tall. He could not say whether he was standing perfectly erect at the time of the accident, but there is nothing to indicate that he was leaning over the curbstone into the street at the time.

Defendant contends that plaintiff's case does not furnish any believable account of the occurrence, or show any negligence on the part of defendant. He insists that the accident could not have happened as plaintiff and his witness stated, and that the only reasonable explanation of the happening is that plaintiff walked into the side of defendant's moving car and was injured thereby. Defendant contends that plaintiff must have been guilty of contributory negligence under the circumstances, otherwise the accident could not have happened, and

that therefore defendant was entitled to binding instructions and judgment in his favor.

Of course, testimony opposed to incontrovertible physical facts and contrary to human experience and the laws of nature must be rejected: Lessig v. Reading T. & L. Co., 270 Pa. 299; Lamp v. P. R. R. Co., 305 Pa. 520. But this rule applies only to clear cases, and, unless the evidence stands definitely opposed to incontrovertible physical facts, the case must be submitted to the jury, no matter how strong the countervailing proof may be: Bailey v. Lavine, 302 Pa. 273. We cannot agree that the facts of this case convict plaintiff of negligence, or that they are opposed to any physical facts which make it impossible and unbelievable that the occurrence was caused solely by the negligence of defendant. The testimony shows that defendant turned his car toward where plaintiff was standing in order to allow the car passing from the opposite direction to go by. The street was only 18 feet wide, and it is probable that as defendant turned his car away to keep from hitting the curb, in the very limited space he had, the right front fender crossed the curbline and struck plaintiff. It is reasonable to suppose that this is what actually happened, because plaintiff received lacerations about the knees. If the plaintiff was struck by defendant's car while standing on the sidewalk, and if the wheel did not cross the curb, it must be that he was struck by the overhang of the fender. Of course this was possible, if the car was driven to and swerved away from the curb just before it would have crossed the curb at the place where he was standing. Plaintiff was in a place ordinarily safe, and it does not appear that any act of his contributed to the happening of the accident, for which reason he cannot be charged with contributory negligence: Miller v. Siebert, 296 Pa. 400. The case was for the jury to determine the negligence of either or both parties: Maynard v. Barrett, 261 Pa. 378.

Defendant also contends that the court below was in error in denying his motion for a new trial. Certain assignments allege errors in rulings on the evidence. We have not been able to find merit in any of them. The action of the trial judge in sustaining objections to the form of certain questions as to plaintiff's income, put to him on cross-examination, did not prevent defendant's counsel from asking the same questions in a different and proper form. The court did not err in these rulings, and if counsel wished to explore that subject further, he was not prevented from doing so.

Other assignments object to the testimony of a physician that in his opinion plaintiff was suffering from permanent disability caused by inflammation of the sacro-iliac joint, and that injuries were the natural and probable cause of this inflammation. Defendant argues that the statement that injuries were the probable cause of plaintiff's condition at the time of the trial was not sufficient to support a finding that that condition resulted from the accident. This would be true if it were not for the fact that the jury had much more than this expert testimony to rely upon. Plaintiff's own testimony that prior to the accident he had always enjoyed good health, but that immediately subsequent thereto and ever since he had suffered from pains in his back, in the region of the sacro-iliac joint, was sufficient in itself to warrant the jury in finding a causal relation between the accident and his then physical condition. The expert testimony of the physician supplemented and strengthened that of the plaintiff, and under the circumstances was entirely competent. See Paul v. Atlantic Ref. Co., 304 Pa. 360.

A number of assignments allege errors in the charge of the trial judge. The charge was eminently fair to both sides and we find no error in it. At its conclusion the court asked counsel if there was anything further that they desired to be said, and, after complying with one suggestion, the judge again inquired if the charge

was satisfactory. Counsel made no response. Under such circumstances, if fuller or plainer instructions were desired, counsel should have asked for them: Irwin v. P. R. R. Co., 226 Pa. 156; Gallup v. Pittsburgh Rys. Co., 295 Pa. 203; Campagna v. Lyles, 298 Pa. 352.

Finally, defendant complains that the verdict was excessive. Plaintiff was 48 years of age and in good health when he was seriously and permanently injured. He has suffered pain almost continuously since the time of the accident, which happened about five years prior to the trial, and has been put to considerable expense. He has been confined to his bed for long periods of time, and, since there has been no improvement in his condition in the years that have passed, it is entirely probable that his pain and suffering and physical disability will continue for the rest of his life. Under these circumstances, we cannot say that the verdict of slightly less than $8,000 was excessive. Certainly it is not such as to shock the conscience of anyone: Dziak v. Swaney, 289 Pa. 246; Filer v. Filer, 301 Pa. 461.

Judgment affirmed.