## Campbell v. Kittanning Limestone Company et al.

GRAFF, P. J., October 8, 1934.—This matter comes before us upon an appeal from a decision of the Workmen's Compensation Board, disallowing compensation to the claimant.

The deceased, William Campbell, 58 years of age, was employed as a mule driver in the mine of the Kittanning Limestone Company, near Kittanning, on April 2, 1933. He began work upon Saturday at 5 a. m., and continued until 4 o'clock in the afternoon. Thereafter, he resumed work at 8 o'clock in the evening, and continued upon this trick until 4 or 5 o'clock Sunday morning, when he rested for an hour and began to work upon the third trick. While engaged in employment upon this turn at 1:30 p. m., he was in a sitting position and suddenly fell upon his face, dead.

At 4 o'clock Saturday afternoon, a number of holes filled with dynamite were shot, and the mines became smoky, which condition existed nearly all Saturday night. There was testimony to the effect that at least one person became ill and that the smoke or fumes were greater than usual. On Sunday morning the mine was clear of all smoke, and at the time the deceased came to his death he was resting and was not in any way overexerting himself.

Claimant contends that death was due to the inhaling of poison monoxide gas and overwork, and consequently compensation should be paid. It is contended that working three consecutive shifts constitutes an undesigned sudden or unexpected occurrence, or untoward or fortuitous event, outside of the usual course of things.

With this contention we cannot agree. Overwork, in the sense of length of hours, is to be distinguished from overexertion, which causes a physical strain on the body structure. The statute provides (sec. 301):

"The terms 'injury' and 'personal injury' as used in this act shall be construed to mean only violence to the physical structure of the body, and such disease or infection as naturally results therefrom".

The fact that disability is hastened by work does not of itself constitute an accident: Diriscavage v. Pennsylvania Coal Co., 96 Pa. Superior Ct. 189. Further, it has been frequently held that the circumstances under which an employe may work may result fatally and yet be insufficient to warrant an award: Lacey v. Washburn & Williams Co., 309 Pa. 574; Gibson v. Kuhn et al., 105 Pa. Superior Ct. 264; Micale v. Light et al., 105 Pa. Superior Ct. 399; Mills v. Susquehanna Collieries Co., 107 Pa. Superior Ct. 432; Waleskie v. Susquehanna Collieries Co., 108 Pa. Superior Ct. 342.

The length of time which the deceased worked, being three consecutive shifts, was entirely optional with him. It clearly could not be said to be undesigned or unforeseen, sudden or unexpected, or an untoward or fortuitous event. Therefore, claimant cannot be allowed compensation for this reason.

The compensation board found that the "proximate cause of death was extreme exhaustion, as the result of an effort of a man 58 years of age to continue through three consecutive shifts without rest."

The question properly arises as to the actual cause of death. It is in evidence that dynamite fumes cause or are monoxide gas. It is further in evidence that workers in the mine detected fumes practically all Saturday night. Death resulting from carbon monoxide poisoning is accidental death and under the decisions is compensable: Gerst et ux. v. Smith-Farris Co. et al., 107 Pa. Superior Ct. 30; Pataky v. Allen Motor Co. et al., 100 Pa. Superior Ct. 343.

It being in evidence that there was monoxide gas in the mine where the deceased was working, the case resolves itself into the question of whether inhalation of monoxide gas caused the death. If it did, the claimant is entitled to compensation.

The referee and Workmen's Compensation Board found the gas did not cause the death of the decedent; in other words, that the evidence offered by the

plaintiff was insufficient to prove that death occurred because of poison gas. No autopsy was performed, nor was any physician called at the time of the death of the deceased. The doctor called by the claimant testified as an expert, that death could have resulted from either overwork or fumes as a result of the dynamite explosion. However, he stated that in his opinion he died as a result of both.

The referee and the Workmen's Compensation Board act as a jury in determining facts, and their conclusions in this respect are binding upon the court legally, unless there is no sufficient evidence to sustain them. In this case, the burden of proof rested upon the claimant of proving the cause of death. The referee and board found that this burden had not been sustained. The fact that other persons worked in the mine, inhaling the smoke or fumes, that the air was clear early Sunday morning, and at the time of the death the decedent was resting, were all considered in arriving at the conclusions found.

The case of Gausman v. R. T. Pearson Co., 284 Pa. 348, is somewhat similar to the present one, upon its facts. The court states (p. 351):

"The evidence relied upon to support this finding is that of Dr. Frederick and while he testified he diagnosed the case as 'hemiphlegia [paralysis of one side], following a heat exhaustion,' he did not see claimant until after the latter had been stricken in the evening and knew nothing of his condition at noon, except by report. The doctor further said, in effect, that claimant's entire affliction that day may have been of apoplectic origin. . . . From his evidence, it is quite as probable that the disability suffered by claimant at the noon hour was apoplectic as that it was heat exhaustion and, from all the other evidence in the case, even much more so. Hence, as the burden of proof rested upon claimant, it cannot be found that he suffered a heat exhaustion or that such was the superinducing cause of the apoplexy. Where an injury may be the result of one of two or more causes, for only one of which defendant is liable, the burden is on plaintiff to individuate that one as the proximate cause of his damage (Sullivan v. Balt. & Ohio R. R. Co., 272 Pa. 429), otherwise there can be no recovery: Zimmerman v. Weinroth, 272 Pa. 537, 539; Miller v. Director Gen. R. R., 270 Pa. 330; Bruggeman v. York, 254 Pa. 430, 435. Furthermore, the burden of proof is not met by the testimony of a witness when so conflicting as to render any inference drawn therefrom a mere guess: Goater v. Klotz, 279 Pa. 392, 396; Zenzil et al. v. Del., Lack. & W. R. R. Co., 257 Pa. 473; Mulligan v. Lehigh Traction Co., 241 Pa. 139; Cawley v. Balt. & Ohio R. R. Co., 44 Pa. Superior Ct. 340."

In the light of all the evidence, the Workmen's Compensation Board has found that the claimant has failed to sustain the burden imposed upon her of proving that the proximate cause of death was the result of monoxide poisoning, and has found, to the contrary, that death actually resulted from exhaustion, which is not compensable under the law. Whilst the case may be a hard one, we are clearly of the opinion that we are not justified in disturbing the decision of the board.

### Order

And now, June 11, 1934, the exceptions filed to the findings of the Workmen's Compensation Board are overruled, the appeal is dismissed, and judgment is now entered in favor of the defendant and against the claimant.

From Harry C. Golden, Kittanning, Pa.