Alice COLNA, Administratrix of the Estate of Herman K. Roien, Deceased,

v.

NORTHERN METAL CO., Appellant.

No. 12095.

United States Court of Appeals
Third Circuit.

Argued Feb. 19, 1957.

Decided April 4, 1957.

Joseph Murphy, Philadelphia, Pa. (Mark D. Alspach, T. E. Byrne, Jr., Krusen, Evans & Shaw, Philadelphia, Pa., Brumbelow & Comisky, Philadelphia, Pa., on the brief), for appellant.

William M. Alper, Philadelphia, Pa. (Freedman, Landy & Lorry, Philadelphia, Pa., on the brief), for appellee.

Before MARIS, McLAUGHLIN and STALEY, Circuit Judges.

MARIS, Circuit Judge.

This appeal involves an action brought in the District Court for the Eastern District of Pennsylvania under the Pennsylvania wrongful death and survival statutes by Alice Colna, Administratrix of the Estate of Herman K. Roien, deceased, to recover damages for the death of the deceased resulting from an accident which occurred on the premises of the defendant, Northern Metal Co., in Philadelphia, Pennsylvania. The case was tried to a jury which rendered a verdict in favor of the plaintiff in the total amount of $16,785.50. The defendant moved for judgment n. o. v. which was denied by the district court. This appeal followed.

██ Since this is a diversity case and the accident occurred in Pennsylvania, the law of that state controls. It is the law of Pennsylvania that although the defendant's version of the accident may be quite different, for purposes of appellate review in a case such as we have here the account given by the plaintiff must be accepted as true[1] unless negatived by incontrovertible physical facts.[2] The facts, thus viewed in the light most favorable to the plaintiff, are as follows:

On the day of the accident the deceased was employed as a relief mate on a vessel moored to a pier on the Delaware River at Philadelphia which, together with an extensive area adjacent thereto, was owned by the defendant. Through these premises ran a roadway which led from the pier area to the outer gate of the property, generally in an east-west direction. For some time prior to the accident, the defendant had been engaged in shipping jeeps and other vehicles overseas, loading them on vessels moored to its piers on the Delaware River. The vehicles were prepared for shipment at a storage point on the premises and were then towed by defendant's trucks along the roadway to the pier area for loading. This roadway had a paved surface which was 15 or 20 feet wide. On each side of the paved roadway was the gravel surface of the defendant's land.

An outdoor public telephone booth was located on the south side of the roadway at a point not very far distant from the pier area. The telephone booth was built on a low wooden platform which reached almost to the south edge of the paved roadway. The door of the booth, which was 9 to 12 inches from the edge of the platform, was on the north side of the booth opening to the south edge of the roadway; the occupant when seated in the booth faced westwardly with his back toward the Delaware River. Several feet east of the telephone booth platform there was a concrete platform which projected slightly nearer to the south edge of the paved roadway. The telephone booth and its wooden platform had been placed in this position approximately one year prior to the accident under the direction of the defendant. The telephone in the booth was used regularly by the defendant's employees and members of the crews of the various vessels that loaded cargo at its piers.

Prior to the accident the deceased had been sitting in the booth making a telephone call. After completing his call, he stepped to his right out of the booth, placing his right foot on the portion of the wooden platform in front of the door of the booth. He then pivoted clockwise on his right foot, turning to the east, and stepped off the platform eastwardly with his left foot, placing it on the gravel surface between the two platforms and close to the south edge of the paved roadway. Immediately after he did so he was struck by a truck of the defendant which was moving eastwardly towing five or six jeeps in a single file, attached to each other by lengths of rope.

The truck with its tow had been in the center of the roadway as it approached the telephone booth. About 10 or 15 feet before it reached the booth the driver made a turn or "swiveled", as the wit-

1. Christopher v. General Baking Co., 1943, 346 Pa. 285, 286, 30 A.2d 124, 125.

2. Ross v. Riffle, 1932, 310 Pa. 176, 178, 164 A. 913, 914.

ness said, to the right. The turn was described as being similar to a driver's attempt to avoid a hole in the road. During this brief swerve the truck's right front fender struck the deceased just as he was stepping from the telephone platform to the ground near the edge of the paved roadway. The impact caused the deceased to spin around and to fall under the rear wheels of the truck. The defendant's driver did not sound his horn or give any other warning prior to the accident.

The defendant contends that the evidence of its negligence was insufficient to sustain the jury's finding and that the court should have declared the deceased guilty of contributory negligence as a matter of law. We consider first whether plaintiff's proof of negligence was sufficient to sustain the jury's verdict.

In support of its position the defendant contends that the testimony of Bednarchuk, the only eyewitness on behalf of the plaintiff, who saw the accident when standing 50 to 60 feet away diagonally across the roadway, was contradictory and inconclusive as to whether or not the defendant's truck went off the paved roadway when it swerved and that the jury's verdict was accordingly based on conjecture. Bednarchuk testified that "He [the truck driver] was coming down the middle of the road and he made a sharp turn like, you know, swiveled off onto the gravel there, and shot right out again", that the truck came "just to the edge of the road (indicating)", and "it was just a little bank off the road (indicating) that way". The defendant contends that the contradiction came when on re-direct examination the witness answered as follows:

"Q. When this truck swerved or turned, as Mr. Byrne used it or as you used it, to its right, as you described, can you tell us whether or not that truck remain-ed on the blacktop road or got over onto the dirt on the side? A. It is pretty hard for me to tell too much, counselor.

"Q. The best you can tell. Can you tell us your recollection? A. I couldn't say, counselor."

We are satisfied that this was not such a contradiction as would bring the case within that line of cases in which the Pennsylvania Supreme Court has held that a plaintiff is not entitled to go to the jury if in attempting to prove directly a fact or series of facts upon which his right depends, he makes conflicting statements which are so irreconcilable that a finding one way or the other would be a mere guess.[3] The variance in Bednarchuk's testimony was in his recollection whether the truck's swerve took it only to the edge of the paved part of the roadway or over the edge of the paved portion onto the gravel. The photographs of the locality which were received in evidence show no clear line of demarcation between the edge of the paved road and the adjacent gravel surface. Under these circumstances we think it was within the province of the jury to reconcile these somewhat conflicting statements of Bednarchuk.[4] From his evidence the jury could have reasonably inferred that the truck did briefly swerve off the paved portion. On the other hand the jury could have concluded that the right front fender of the truck in its swerve projected over the gravel and hit the deceased even though the wheels did not leave the paved surface. For it has been held to be negligence for a vehicle to swerve to the edge of a street and strike a pedestrian with a projecting part of the vehicle.[5] We conclude that there was sufficient evidence to support the jury's finding of negligence on the part of the defendant's truck driver.

The defendant's second contention is that the deceased was guilty of contribu-

---

3. Black v. Philadelphia Rapid Transit Co., 1913, 239 Pa. 463, 86 A. 1066; Mulligan v. Lehigh Traction Co., 1913, 241 Pa. 139, 88 A. 318; Goater v. Klotz, 1924, 279 Pa. 392, 124 A. 83.

4. Railway Express Agency v. Little, 3 Cir., 1931, 50 F.2d 59, 75 A.L.R. 963.

5. See Miller v. Siebert, 1929, 296 Pa. 400, 145 A. 909; Ross v. Riffle, 1932, 310 Pa. 176, 164 A. 913.

tory negligence as a matter of law and it relies for this proposition on Heath v. Klosterman, 1941, 343 Pa. 501, 23 A. 2d 209. In that case the plaintiff's evidence showed that the deceased swung open the door of his automobile on the street side of the highway and stepped into the highway directly in the path of an oncoming truck. The presumption that a deceased exercised due care for his own safety was destroyed, the Supreme Court held, by the testimony adduced by the plaintiff and the deceased was guilty of contributory negligence as a matter of law. We think, however, that the Heath case, and the others upon which the defendant relies in support of this contention, are not controlling.

The crux of this case is whether the deceased, in a place ordinarily safe, did any act which contributed to the accident; whether it can be said that it is clear that the accident could not have happened but for the negligence of the deceased.[6] It is settled law in Pennsylvania that testimony in conflict with the incontrovertible physical facts and contrary to human experience and the laws of nature must be rejected,[7] but this rule applies only to clear cases and unless the incontrovertible physical facts convict the deceased of contributory negligence, the case must be submitted to the jury.[8]

In this case, the physical facts do not clearly show that the failure of the deceased to exercise ordinary care contributed to the accident. It may be difficult to believe that the deceased in leaving the telephone booth pivoted on his right foot to the extent necessary to place his left foot in the space immediately to his right between the two platforms. One might think it much more probable that he stepped directly, without looking, into the front fender of the slowly moving truck, in which case his

contributory negligence would have been clear under the Heath case. But this was for the jury to determine and they evidently believed the testimony of Bednarchuk on this point.

We conclude that the district court did not err in denying the defendant's motion for judgment in its favor n. o. v.

The judgment of the district court will be affirmed.

6. Wisnewski v. Baltimore & Ohio R. Co., 3 Cir., 1951, 186 F.2d 538, 539.

7. Bornscheuer v. Consolidated Traction Co., 1901, 198 Pa. 332, 47 A. 872; Lessig v. Reading Transit & Light Co., 1921, 270 Pa. 299, 302, 113 A. 381, 382.

8. Ross v. Riffle, 1932, 310 Pa. 176, 180, 164 A. 913, 914. Compare Lamp v. Pennsylvania R. R., 1931, 305 Pa. 520, 158 A. 269, 84 A.L.R. 1217.