# Corbitt, Appellant, *v.* Philadelphia Rapid Transit Company.

*Negligence—Street railways—Bridge—Contributory negligence.*

In an action against a street railway company to recover damages for personal injuries, a nonsuit is properly entered where it appears that the plaintiff who was injured in crossing a bridge over which the defendant ran two tracks, instead of using a safe sidewalk on one side of the bridge, walked along a narrow converging path on the other side of the bridge between the outer track and bridge rail, that the night was dark; that the car was lighted brilliantly within with headlights in front; that the region was suburban; and that the car was running rapidly with no gong sounding, there being no crossing near, and the track in front clear.

Argued Jan. 14, 1910. Appeal, No. 239, Jan. T., 1909, by plaintiff, from order of C. P. No. 2, Phila. Co., March T., 1906, No. 2,119, refusing to take off nonsuit in case of William D. Corbitt v. Philadelphia Rapid Transit Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WILTBANK, J.

The facts relating to the accident are stated in the opinion of the Supreme Court.

*Error assigned* was order of the court refusing to take off nonsuit.

*Ira Jewell Williams*, of *Simpson & Brown*, for appellant.

*Thomas Leaming*, with him *William M. Stewart, Jr.*, for appellee.

PER CURIAM, February 21, 1910:

On the north side of the bridge on which the plaintiff was injured there was a plank sidewalk seven feet wide. The rest of the surface of the bridge was used as a roadway for wagons and there were two tracks of the defendant's road on it. The southernmost track was at one point within four and a half feet of the rail of the bridge. In crossing the bridge going west, the plaintiff used the sidewalk. As he approached the bridge on returning he was on the foot pavement on the south side of the street. When he reached the bridge, he found that the pavement abruptly ended and a hand rail extended across it. Instead of crossing the street to the north side, where he knew there was a good sidewalk over the bridge, he followed a narrow, rough, irregular dirt path with sloping sides, that extended over the bridge between the tracks and the south rail of the bridge. Before entering on this path he observed that the space between the tracks and the rail became gradually

narrower because of their convergence. The night was dark; there were no lights on the south side of the bridge and, as he advanced, he was unable to see the car tracks and barely able to see the bridge rail. How the accident to the plaintiff happened does not clearly appear from his testimony but was left largely to conjecture. He testified that he was struck from behind by something, he did not know what, and thrown down and bruised. He was not on the car track, and evidently he was not struck by any part of the front of the car. If touched by it at all, it must have been by the projecting side as it passed him. The negligence alleged was that the car was carelessly managed. The only proof in support of this was that it was running rapidly and the gong was not sounded. It was in a suburban section, was brilliantly lighted inside, the headlights were burning, there was no crossing near, and the track in front was clear. There was no occasion to slacken speed or to sound the gong, because there was no danger to anyone crossing the bridge in the ordinary way.

The plaintiff was also properly adjudged to have been negligent in turning from the safe way provided and choosing one that he saw was dangerous.

The judgment is affirmed.