# Curtis, Adm'r, Appellant, *v.* Erie Railroad Co.

*Negligence—Railroads—Master and servant—Federal Employ-
ers Liability Act—Reasonable precautions—Switching yard—As-
sumption of risk—Fellow servant.*

1. The failure to give warning of the approach of a switching
locomotive moving backwards at the rate of two or three miles an
hour, either by ringing a bell, sounding a whistle or by calling to

an experienced section hand engaged in removing ice between the tracks and carrying it across the tracks in a railroad switching yard, is not evidence of negligence on part of the railroad company, in an action to recover damages for the death of such section hand caused by being struck by the locomotive, where it appears that he was a man of mature years and had been employed in the yard for some time, and that he had an unobstructed view of the approach of the locomotive for a distance of 150 feet.

2. The ringing of bells and sounding of whistles on passing trains and engines moving forwards and backwards in a railroad switching yard tends to confuse workmen, and failure to give warning of such a character, does not constitute negligence on the part of the railroad company.

3. An experienced section hand employed in a railroad yard to repair tracks, clean switches, and remove rubbish, snow and ice, and carry it across the tracks, while so engaged, assumes the risk of injury by being struck by switch engines used in switching cars in the usual way, as an incident to his employment, where there is nothing to prevent him from observing the approach of the trains.

4. Under the Federal Employers Liability Act, except in cases specified in section 4, the employee assumes the risk due to the negligence of other employees if the danger is obvious and fully known to the employee.

Ærkfetz v. Humphreys, 145 U. S. 418, followed.
Waina v. Penna. R. R., 251 Pa. 213, distinguished.

Argued March 15, 1920. Appeal, No. 254, Jan. T., 1920, by plaintiff, from judgment of C. P. Susquehanna Co., Nov. T., 1916, No. 134, refusing to take off nonsuit, in case of James E. Curtis, Administrator of the estate of Tulio Trifelli v. Erie Railroad Co. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Action in trespass under the Federal Employers' Liability Act to recover damages for death of plaintiff's decedent. Before SMITH, P. J.

The trial judge entered a compulsory nonsuit which the court subsequently refused to take off. Plaintiff appealed.

*Error assigned* was refusal to take off nonsuit.

*John D. Miller,* with him *Allen D. Miller,* for appellant.—Failure to give warning of approach of engine was negligence. The employee did not assume the risk: Van Zandt v. Phila., B. & W. R. R., 248 Pa. 276; Glunt v. Penna. R. R., 249 Pa. 522; Waina v. Penna. R. R., 251 Pa. 213; Pedersen v. D., L. & W. R. R., 229 U. S. 146; McGovern v. P. & R. R. R., 235 U. S. 389.

*Wm. A. Skinner,* for appellee.—There is no duty resting upon railroad companies to give special warning by ringing bells, sounding whistles or maintaining lookouts for switching movements in railroad yards: Ærkfetz v. Humphreys, 145 U. S. 418; Tuttle v. Detroit, G. H. & M. R. R., 122 U. S. 194; Norfolk & W. Ry. v. Gesswine, 144 Fed. 56; Connelley v. Penna. R. R., 201 Fed. 54.

The employee assumed the risk: Baugham v. New York, P. & N. R. R., 241 U. S. 237; Jacobs v. Southern R. R., 241 U. S. 229; Southern R. R. v. Crockett, 234 U. S. 725; Seaboard Air Line R. R. v. Horton, 233 U. S. 492.

OPINION BY MR. JUSTICE FRAZER, April 26, 1920:

This action is under the Federal Employers' Liability Act of April 22, 1908, ch. 149, 35 U. S. St. 65, to recover for injuries resulting in the death of Tulio Trifelli, a section hand employed in defendant's yards at Susquehanna, Pennsylvania. At the close of plaintiff's evidence a compulsory nonsuit was entered because of failure to show negligence on part of defendant and the further reason that decedent assumed the risk of the accident resulting in his death.

Decedent's duties required him to assist in repairing tracks, cleaning switches and removing rubbish, ice and snow in defendant's switching yard, which contained nineteen parallel tracks. On the day of the accident he, with others, was engaged in removing an accumulation

of ice from the bottom of a water crane located between the main tracks and a siding used for switching locomotives to and from coal pockets and to an ash pit. The ice as removed was carried by decedent and others across the siding and deposited in the ash pit on the opposite side of the track. While so employed decedent was struck by an engine traveling backwards over the siding toward the ash pit at the rate of two or three miles an hour. The accident not having been witnessed by other employees, the exact manner of its occurrence is left to inference. Decedent was seen shortly before the accident working between the two tracks at the base of the water crane and apparently either in the act of carrying a shovel filled with ice across the siding to the ash pit or returning from the ash pit to the crane. At the place of the accident decedent had an unobstructed view of the approach of the engine for a distance of at least 150 feet. No warning was given by those on the engine, either by bell or whistle, or in any other manner. The foreman who ordinarily gave notice of approaching engines, which was merely a call to "look out," was not present and, while there is evidence that, at times during his absence, warning in case of danger would be given by other employees, this precaution appears to have been omitted on this particular occasion. The evidence in reference to this mode of calling attention of workmen to danger is insufficient to establish a custom to provide protection for employees by furnishing a lookout for trains using the tracks of the switching yard. There was likewise no proof of a rule or custom requiring those in charge of an engine engaged in switching cars to ring a bell or sound a whistle. The question, consequently, resolves itself into whether the failure to give notice of the approach of an engine engaged in shifting cars in the yard of a railroad company and traveling at the rate of two or three miles an hour, (a) is evidence of negligence on the part of the company, and (b) is the danger of being injured by an engine

under such circumstances a risk assumed by a yard workman as incident to his employment?

In so far as the question of defendant's negligence is concerned the facts here bring the case directly within Ærkfetz v. Humphreys, 145 U. S. 418. In that case plaintiff, while working in defendant's switching yard, was struck by an engine moving slowly and with nothing to obstruct his view of its approach. The court held the ringing of bells and sounding of whistles on passing trains and yard engines moving forwards and backwards would tend to confuse workmen and that failure to give warning of the character indicated did not constitute negligence on the part of the railroad company. The cases cited by appellant as establishing a rule contrary to that indicated above are distinguishable from the present on their facts. For instance, in Van Zandt v. P., B. & W. R. R., 248 Pa. 276; Glunt v. Penna. R. R., 249 Pa. 522, and McGovern v. P. & R. Ry., 235 U. S. 389, the accident occurred while the injured person was engaged in work on main line tracks. The same distinction appears in Seaboard Air Line Ry. v. Kœnnecke, 239 U. S. 352, where decedent was killed by a train in the act of entering the yard from the main line track, the basis of the decision appearing from the following quotation (page 355) : "The jury might have found that the case was not that of an injury done by a switching engine known to be engaged upon its ordinary business in a yard, like Ærkfetz v. Humphreys, 145 U. S. 418, but one where the rules of the company and reasonable care required a lookout to be kept. It seems to us that it would have been impossible to take the case from the jury on the ground either that there was no negligence or that the deceased assumed the risk."

The court below was also right in holding deceased assumed the risk of the dangers of his employment. He was of mature years and had been employed in the yard for two years. There was nothing unusual or unexpected in the manner the engine was moving. It was

running as slowly as it was practicable to run and we find nothing in the nature of the work in which deceased was engaged to prevent him from observing trains approaching on the several tracks and especially the one on which the accident happened. Employees in freight yards certainly are aware that cars and engines move in all directions at irregular intervals and so long as the movement is not unusual employees assume the risk of the accidental hazards incident to employment in such places and must be on the lookout for their personal safety. The Federal Employers' Liability Act has not changed this rule in so far as the facts of the present case are concerned. Under that act, except in cases specified in section 4, the employee assumes the risk due to the negligence of other employees if the danger is obvious and fully known to him : Seaboard Air Line Ry. v. Horton, 233 U. S. 492; Boldt, Admrx., v. Penna. R. R., 245 U. S. 441. The same rule was recognized in Seaboard Air Line Ry. v. Kœnnecke, supra. In Waina v. Penna. R. R., 251 Pa. 213, the decision was based mainly on the fact that the employee was acting under urgent request of the foreman to "hurry" and in crossing the tracks was carrying tools in such manner they tended to obstruct his view of the approaching car. The doctrine of assumption of risk was not discussed.

Under the decisions referred to above and the particular facts of this case there was no duty on defendant to give notice of the approach of the engine and no circumstances were shown tending to relieve deceased from incurring the risk necessarily incident to his employment.

The judgment of the court below is affirmed.