## Shea, Appellant, v. Erie Railroad Co.

*Negligence—Railroads—Operation of switch engine in yard—Signals—Failure to give signal—Car inspector—Death—Custom—Yard movement cases—Risk of employment—Contract—Waiver—Notice—Release.*

1. Where it is the custom, in the operation of switch engines in a railroad company's yard, not to give signals to employees in the yard, the company cannot be held liable for negligence in failing to give such signal, in an action brought to recover damages for the death of one of its car inspectors, who had been employed in the yard for six months prior to his death.

2. The knowledge and acquiescence of such custom, on the part of the deceased, wrote an implied waiver into his contract of employment, releasing the company from such alleged negligence.

3. The employee assumed the risk of his employment under the undisputed facts of the case.

Curtis, Admr., v. Erie R. R. Co., 267 Pa. 227, applied.

Argued April 26, 1920. Appeal, No. 268, Jan. T., 1920, by plaintiff, from judgment of C. P. Crawford Co., Sept. T., 1918, No. 38, for defendant n. o. v. in case of Helen Shea, administratrix of Daniel Shea, deceased, v. Erie Railroad Co. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass to recover damages for death of car inspector employed by defendant. Before PRATHER, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,171.57. The court subsequently, after discussing "yard movement" cases, on the question of negligence, entered judgment for defendant n. o. v. on the ground of assumed risk, citing, among other cases: Brossman v. Lehigh Valley R. R., 113 Pa. 490, 498; Titus v. Bradford R. R., 136 Pa. 618, syllabus 3; Boyd v. Harris, 176 Pa. 484, 490; Kennedy v. Pa. R. R., 1 Monaghan 271. Plaintiff appealed.

*Error assigned* was entry of judgment n. o. v.

*Arthur L. Bates,* for appellant.

*Geo. F. Davenport,* for appellee, was not heard.

PER CURIAM, May 26, 1920:

In sustaining defendant's motion for judgment n. o. v. the learned president judge of the court below said: "Plaintiff undertook to show and did show the manner of operation, and that it was the custom in this yard in the operation of this switch engine not to give any signals to employees in the yard. Deceased could not avoid knowledge of this daily routine of operation covering more than six months, the period of his employment. This knowledge and acquiescence on his part wrote an implied waiver into his contract of employment, releasing the company from the alleged negligence now com-

plained of." Our examination of the testimony has led us to the same conclusion, and, as the case is controlled by Curtis, Administrator, v. Erie Railroad Company, 267 Pa. 227, the judgment is affirmed.

Judgment affirmed.