# Dawson, Administratrix, *v.* Reading Co., Appellant.

*Negligence—Railroads—Master and servant—Warning—Physical conditions — Federal Employers' Liability Act of April 22, 1908, 35 U. S. Stat. 65, c. 149.*

1. While the Federal Employers' Liability Act of April 22, 1908, 35 U. S. Stat. 65, c. 149, renders an employer liable for an injury suffered by one employee through the negligence of another and cuts out the defense of contributory negligence, except as to the question of damages, yet there can be no recovery thereunder without proof of causal negligence on part of defendant.

2. In an action against a railroad to recover damages for the death of one of its employees while engaged in interstate commerce, no recovery can be had, where it appears that the deceased was killed while walking on the track by a train coming up be-

hind him, that a bell was automatically rung, but the whistle was not sounded, that it was admitted that the whistle was only sounded when a person was seen on the track, and that at the time the trainmen, for physical reasons, could not see the deceased on the track.

Argued April 16, 1928.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 123, Jan. T., 1928, by defendant, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1925, No. 6997, on verdict for plaintiff, in case of Malissie B. Dawson, administratrix of the estate of Joseph Dawson, deceased, v. Reading Company.   Reversed.

Trespass for death of plaintiff's husband.   Before HENRY, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $4,500.   Defendant appealed.

*Error assigned,* inter alia, was refusal of judgment for defendant n. o. v., quoting record.

*Wm. Clarke Mason,* for appellant.—The record fails to show the existence at the time of suit of a beneficiary having the relationship designated by the federal statute as one for whom a recovery could be sustained: Gulf, etc., Ry. v. McGinnis, 228 U. S. 173; Musser v. Stauffer, 178 Pa. 99; Linton v. Moorhead, 209 Pa. 646.

Plaintiff failed to establish negligence on part of defendant on which to base cause of action under Federal Employers' Liability Act: Murray v. Ry., 249 Pa. 126.

Plaintiff is barred from recovery because the evidence shows that Dawson, plaintiff's decedent, assumed the risks of the position in which he was at the time of the accident, the inherent dangers of which he knew or is presumed to have known as a matter of law: Con-

nelley v. R. R., 201 Fed. 54; Connelley v. R. R., 228
Fed. 322; Hardy v. R. R., 240 Pa. 454; Davis v. Ry.,
276 Fed. 187; Chesapeake & Ohio Ry. v. Nixon, 271 U.
S. 218.

*John Francis Williams,* with him *Raymond Pace
Alexander* and *Maceo W. Hubbard,* for appellee.—Not
only was there a duty resting on defendant to keep a
lookout for workmen in the gang to which deceased
belonged, but there would seem to be sufficient warrant
for finding of legal duty to do so: Van Zandt v. R. R.,
248 Pa. 276.

The doctrine of the assumption of risk is founded on
contract and the burden of proving it is on defendant
and likewise burden of proving contributory negligence,
under the federal statute: Central Vermont Ry. v.
White, 238 U. S. 507; McAvoy v. Ry., 283 Pa. 133.

It is well settled that the defense of assumption of
risk does not extend to assuming the risk of the negli-
gence of a fellow servant: Reed v. Dir. Gen. of Rys., 258
U. S. 92; McAvoy v. Ry., 283 Pa. 133.

The failure to give the customary warning as shown
in the instant case, is an unusual and unexpected act not
to be ordinarily foreseen and the risk of which is not as-
sumed by the employee: Dutrey v. Ry., 265 Pa. 215;
McGovern v. Ry. Co., 235 U. S. 389; Erie Ry. Co. v.
Purucker, 244 U. S. 320; Engel v. Ry., 111 Neb. 21;
Anderson v. Ry., 95 Neb. 358; Louisville & N. Ry. v.
Wilson, 205 Ky. 533; Director General of Rys. v. Temp-
lin, 268 Fed. 483.

OPINION BY MR. JUSTICE WALLING, May 7, 1928:

This action, brought under the Federal Employers'
Liability Act of April 22, 1908, 35 U. S. Stat. 65, c.
149, on account of the death of Joseph Dawson, resulted
in a verdict and judgment for plaintiff and defendant
has appealed.

While the case falls within the act, his work being in furtherance of interstate commerce, the recovery cannot be sustained for lack of proof of defendant's negligence. Dawson was working as one of a gang of track repairers on defendant's double track railway at the Cheltenham section, a short distance from Philadelphia, and had been so employed for months. On the forenoon of September 29, 1925, the men were working on the tracks some seven hundred feet east of the Cottman Street bridge when Dawson went for a bucket of water. In so doing, he walked on the westbound track, going with the current of traffic and, shortly after passing under the bridge above mentioned, was killed by a rapidly moving westbound express train. The situation was more hazardous as at that time a freight train was passing eastward on the opposite track. Numerous track hands were employed between New York and Philadelphia and, when seen upon the track, it was defendant's custom to warn them of the approach of trains by ringing the bell and, if necessary, by sounding the whistle. The bell on the engine here in question was ringing automatically; but the admitted failure to give the additional warning by sounding the whistle is urged for plaintiff as evidence of negligence. This is the crucial point in the case. It was a clear day and yet the engineer testified that, although keeping a sharp lookout ahead, he did not see Dawson. This was explained by the fact that going west in the vicinity of the Cottman Street bridge the tracks curve sharply to the left (south) so that the engineer's view was obstructed by the convex surface of the passing freight train. The engine was of the large modern type and extended a considerable distance forward of the engineer's place on the right side, which also prevented a clear view of the track while rounding the curve to the left. There is no complaint here of a faulty construction of tracks or engine and under the existing conditions there is nothing to justify a finding that the testimony

of the engineer is false when he says he was looking ahead and failed to see the man on the track. There is even less occasion to criticize the fireman who had other duties to perform and whose vision was also obstructed by the passing freight train.

The evidence fails to sustain the very earnest contention for appellee that the accident happened after the engine had passed out of the curve. Witnesses Moll and Schaefer, standing near the tracks, saw a dark object which proved to be one of Dawson's boots, fly up between the trains at a point about two hundred and fifty feet west of the bridge. Both say this point was on the curve, while their opinions differ as to just where the latter ended. Moll was plaintiff's witness and this uncontradicted testimony definitely fixes the place of accident on the curve, for it could not have happened west of where the boot flew up, although the force of the collision carried Dawson's body some distance in that direction. The bell was ringing because of the curved tracks, but the evidence on both sides agreed that the duty of sounding the whistle arose only when workmen were seen upon the track. Of course, a failure to see them if in view would be evidence of negligence. The express train was on time and had passed the track repairers on this section, so it could not have been anticipated that a lone workman would be walking on the track at the place in question, especially as there was a path along the outside of the westbound track where pedestrians might safely walk. Under this record, which we have examined with great care, it cannot be affirmed that failure to warn the deceased by sounding the whistle was, under the circumstances, an act of negligence and none other appeared. Defendant cannot, therefore, be held responsible for the deplorable accident and the other questions raised will not be considered.

While the Employers' Liability Act renders an employer liable for an injury suffered by one employee

through the negligence of another and cuts out the defense of contributory negligence, except as to the question of damages, yet, there can be no recovery thereunder without proof of causal negligence on part of the defendant (Kansas City Southern Ry. Co. v. Jones, 48 U. S. Supreme Court Reporter 308, issue of April 1, 1928; Waina v. Pennsylvania Co., 251 Pa. 213; McAvoy, Admrx., v. Phila. & Read. Ry. Co., 283 Pa. 133; McDonald v. Pgh. & Lake Erie R. R. Co., 279 Pa. 26; Sullivan v. Balt. & Ohio R. R. Co., 272 Pa. 429, 433; Curtis, Admr., v. Erie R. R. Co., 267 Pa. 227; Murray v. Pgh., C., C. & St. L. R. R. Co., 263 Pa. 398) and none was shown here. On this vital question, the verdict finds no substantial support in the testimony and, therefore, cannot stand: Chicago, M. & St. P. Ry. Co. v. Coogan, 271 U. S. 472; 46 Supreme Court Reporter 564; see also Gt. Northern Ry. v. Wiles, 240 U. S. 444.

The judgment is reversed and is here entered for the defendant.