Amoroso, Administrator, Appellant, *v.* Baltimore & Ohio R. R.

Argued October 2, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Charles G. Notari,* with him *Robert H. Braun, Jr.,* and *Marshall & Marshall,* for appellant.

*William H. Eckert,* with him *Smith, Buchanan, Scott & Gordon,* for appellee.

PER CURIAM, November 23, 1931:

Plaintiff, administrator of the estate of Serverio Matteo, sued under the Federal Employers' Liability Act to recover damages for the death of Matteo, who, plaintiff alleges, was struck by a train of defendant company, and appeals from the refusal of the lower court to take off a compulsory nonsuit.

On the night of December 12, 1926, between midnight and one o'clock, defendant's passenger train No. 68, traveling east on the eastbound track, struck an automobile at Newman's Crossing in the Borough of West Newton, the wreckage blocking that track for a considerable time. Plaintiff's decedent, an assistant track foreman of defendant company, living a short distance from the place of the accident, appeared on the scene, and, after having ascertained that the track was clear and the débris removed, left the scene of the accident for his home, walking east on the westbound track. The train which caused the crossing accident remained standing on the eastbound track. Shortly after deceased left for home, defendant's train No. 10, also traveling east, approached, using the westbound track. The following morning, deceased's body was found under circumstances indicating that he had been struck and killed by a train, presumably No. 10. The court below granted a nonsuit on the ground that decedent, an experienced railroad trackman, needlessly assumed a risk of which he must have been aware. Although train No. 10, eastbound, was running in an unusual manner by using the westbound track at this point, and though there is no evidence of special warning of its approach, a railroad employee of deceased's experience (he had been at least

five years employed on this section) must have been aware that No. 10 train was due, and of the probability that it would use the westbound track, since the eastbound track was blocked as a result of the automobile collision. The injury to deceased apparently happened a considerable distance beyond Newman's Crossing. The evidence does not show that a warning signal was usually required at that point, which deceased might have been waiting to hear, or that the engineer of. the second train was aware of circumstances requiring special care. Even if there was a failure to give warning, it was not a breach of duty owed to deceased: C. & O. R. R. v. Mihas, 280 U. S. 102. Moreover, another employee of defendant company, walking in the same direction as deceased and at about the same time, on the westbound track, testified he heard the train, which presumably struck deceased, coming and stepped aside to permit it to pass. As we said in Dawson, Admrx., v. Reading Co., 293 Pa. 301, 305: "Under this record......, it cannot be affirmed that failure to warn the deceased by sounding the whistle [or other 'warning] was, under the circumstances, an act of negligence, and none other appeared." To a man for years in the employ of the railroad company as a track foreman, the use of the westbound track by the eastbound train which, so far as appears, was running on schedule, should not have been unexpected. Finally, deceased was not obliged to use the track, but could have walked in safety outside the roadbed. Under these circumstances, plaintiff cannot recover: Curtis, Admr., v. Erie R. R. Co., 267 Pa. 227; McCully v. Monongahela Ry. Co., 289 Pa. 393; Dawson v. Reading Co., supra; Carlo v. Bessemer & Lake Erie R. R. Co., 293 Pa. 350. We shall not endeavor to cite the numerous federal court cases sustaining the conclusion here reached, being content with reference to Chesapeake & Ohio Ry. Co. v. Nixon, Admrx., 271 U. S. 218; Toledo, St. L. & W. R. R. Co. v. Allen, 276 U. S. 165; Atlantic

198

C. L. R. R. Co. v. Driggers, 279 U. S. 787, and Chesapeake & Ohio Ry. Co. v. Mihas, supra.

The order refusing to take off the nonsuit is affirmed.